David G. Golubchik (SBN 185520)
Kurt Ramlo (SBN 166856)
LEVENE, NEALE, BENDER,
  YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; KR@LNBYB.com

Attorneys for Defendants Gary I. Shinder; Genius Fund I, Inc.; Genius Fund I, LLC; ESSMW – Earth Solar System Milky Way, LLC; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Genius Delivery LLC; Planck Properties LLC; Aristotle Equipment LLC; Genius Sales LLC; Genius Products T, Inc.; Genius Products NT, Inc.; and Genius Products, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR., an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>DMITRY BORISOVICH BOSOV, et al.,<br><br>  Defendants. | Case No. 2:20-cv-03797<br><br>**Declaration of Gary I. Shinder in Support of Preliminary Opposition to Ex Parte Application for Right to Attach Order, Order for Issuance of Writ of Attachment, and Temporary Protective Order (DE 10)**<br><br>[No Hearing Set] |

I, Gary I. Shinder, declare:

1. I am the Chief Executive Officer of Genius Fund I Inc. and the person with ultimate management authority for the following business entities: Genius Fund I, LLC; ESSMW – Earth Solar System Milky Way, LLC; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius

Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Genius Delivery LLC; Planck Properties LLC; Aristotle Equipment LLC; Genius Sales LLC; Genius Products T, Inc.; Genius Products NT, Inc.; and Genius Products, Inc.

2. I have personal knowledge of the facts set forth herein, and, if called to testify, could and would competently testify to such facts.

3. Plaintiff was the Chief Security Officer of Spotlight Operations LLC, an affiliate within the Genius Fund Group, a collection of companies affiliated with Genius Fund I Inc. I refer to Genius Fund I Inc. "and its affiliates" in this declaration as the "**Company**" or "**Genius Fund Group**".

4. Plaintiff's written employment agreement with Spotlight Operations LLC includes an arbitration agreement. A true and correct copy of his *Employment Offer Letter* dated April 26, 2019 is attached as **Exhibit 40**. That copy includes a *Mutual Agreement to Arbitrate Employment-Related Disputes* executed by Plaintiff and is also dated April 26, 2019.

5. Plaintiff was promoted to Chief Operating Officer in October 2019. Earlier this year, the Company offered Plaintiff their Chief Executive Officer position, conditioned on his agreement to execute the Company's arbitration agreement. A true and correct copy of the *Genius Employment Offer Letter* is attached as Exhibit 1 to Plaintiff's *Application for Right to Attach Order, Order for Issuance of Writ of Attachment, and Temporary Protective Order*. We intended to execute an arbitration agreement, which has been done with the Plaintiff in the past and is standard company policy. At this time, I have not located the new arbitration agreement due to lack of access to records as a result of COVID-19 but am searching for it. Nevertheless, as an existing (former) employee of the Company, Plaintiff was a party to an arbitration agreement that, I believe, remains effective today since it applies to any employment disputes and issues.

6. In my capacity as Chairperson of the Board of Directors (and

President) of Genius Fund I Inc., as well as manager of Genius Management, LLC, which is the manager of Genius Fund I, LLC, I was Plaintiff's boss when he became Chief Executive Officer.

7. On Sunday, March 22, 2020, Plaintiff emailed with his "restructuring plan and business strategies" for on restructuring the Company. A redacted true and correct copy of that email and attachment are attached to this declaration as **Exhibit 41**.

8. Plaintiff contends that on March 23, 2020, Defendants terminated his employment effective March 27, 2020. That is false. When the Company determined to lay off most of its staff, the Company determined not to lay off Plaintiff since Plaintiff was supposed to be part of the restructuring group. The Company intended that Plaintiff would continue to be involved with its reorganization. For example, in the notices sent to other employees, the Company mentioned Plaintiff as someone authorized to request that outgoing employees continue working through their termination date and as someone who could authorize an outgoing employee to retain certain categories of Company property.

9. In addition, I had a conversation with Plaintiff on the evening of March 26, 2020 and again on March 27, 2020, in which Plaintiff asked me repeatedly whether was he being terminated and his concern about being terminated. I replied "no," that he was not being terminated, and that I wanted to continue working with him through the reorganization. It would make no sense to enter into an employment agreement on March 5, 2020 and terminate Plaintiff only three (3) weeks later.

10. Based on my review of Company emails and records, which are maintained by the Company, the Company records show that Plaintiff continued to participate in the management of Genius Fund Group until at least April 2, 2020, through direct communications and strategy decisions on behalf of the Company. For example, on March 24, 2020, a law firm that had brought a lawsuit in which

the Company was interested spoke with Plaintiff on behalf of the Company and followed up with a series of emails. Those emails continued on Friday, March 27, 2020. A redacted true and correct copy of that privilege and private email chain (which is subject to a common interest agreement) is attached as **Exhibit 42**.

11. On March 27 and March 28, 2020 Plaintiff engaged in a series of emails on Company business in his capacity as CEO of the Company with other personnel of the Company, Datesh Kshatriya, Noah Friedman, Ben Kingston (in-house attorney), Gio Mancuso, Jeff Davis, Michael Jensen, and Nichole West. A redacted true and correct copy of that privileged email chain is attached as **Exhibit 43**.

12. On March 27 and March 30, 2020, Plaintiff engaged in a series of emails on Company business in his capacity as CEO of the Company with other personnel of the Company, Datesh Kshatriya, Noah Friedman, Ben Kingston (in-house attorney), Michelle Lynd (in-house counsel), Gio Mancuso, Jeff Davis, Michael Jensen, and Nichole West. A redacted true and correct copy of that privileged and private email chain (including third party privacy rights) is attached as **Exhibit 44**.

13. On March 29, 2020, Plaintiff accepted a Google Calendar invitation for a Zoom Meeting entitled "HR Meeting –pl see zoom info below/ propose alt convenien… @ Sun Mar 29, 20220 4pm – 4:45pm 9PDT)" sent by Michelle Lynd (in-house attorney) to me, Datesh Kshatriya, and Plaintiff in his capacity as CEO of the Company. A redacted true and correct copy of that accepted invitation is attached as **Exhibit 45**.

14. On March 30, 2020, Plaintiff accepted a Google Calendar invitation for a telephone conference entitled "HR Update @ Mon Mar 30, 20220 10am – 10:30 am (PDT)" sent by Michelle Lynd (in-house attorney) to me, Datesh Kshatriya, and Plaintiff in his capacity as CEO of the Company. A redacted true and correct copy of that accepted invitation is attached as **Exhibit 46**.

15. On April 1, 2020, Plaintiff engaged in a series of emails on Company business in his capacity as CEO of the Company with other personnel of the Company, Datesh Kshatriya, Michelle Lynd (in-house attorney), Swan Lee, Hank Chhay, and me. A redacted true and correct copy of that privileged email chain is attached as **Exhibit 47**.

16. On April 1 and April 2, 2020, Plaintiff engaged in a series of emails on Company business in his capacity as CEO of the Company with other personnel of the Company, Datesh Kshatriya, Michelle Lynd (a Company in-house attorney), and me. A redacted true and correct copy of that privileged email chain is attached as **Exhibit 48**.

17. During all of the foregoing communications, there was no mention of Plaintiff being terminated or his job in jeopardy. The reason is that he was not terminated.

18. At no time did Plaintiff indicate during this period that he understood himself to be terminated or terminated as of some future date. Plaintiff, however, did not join the two meetings for which he accepted invitations, without prior notice or explanation afterward.

19. For reasons unknown to me or the Company, Plaintiff stopped responding to Company communications after April 2, 2020.

20. Also on April 2, 2020, Plaintiff's attorneys began communicating with the Company, with two separate letters: a monetary demand and a litigation hold request. True and correct copies of those letters are attached as **Exhibit 49** and **Exhibit 50**. The Company never received any notice or resignation notice, letter, or email from Plaintiff. To the best of my understanding, Plaintiff left the Company voluntarily.

21. None of the Defendants is insolvent.

22. None of the Defendants are liquidating assets or evading creditors. Defendants are lawfully reorganizing their businesses with the assistance of

professionals, including the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 5, 2020, at Los Angeles, California.

*/s/ Gary I. Shinder*

GARY I. SHINDER