# Exhibit 50

Exhibit 50



801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
T (213) 725-9800 F (213) 725-9808

Thomas P. O'Brien
Direct Dial: 323.918.1902
tobrien@bgrfirm.com

File No. 8001-001

April 2, 2020

**Via Electronic Mail Only**

Gary I. Shinder, President
Michelle Lynd, Chief Legal Officer
Genius Fund I, Inc.
6960 S. Centinela Avenue
Culver City, California 90230
michelle.lynd@geniusfund.com
gary.shinder@geniusfund.com

Re:   Litigation Hold Notice re: Francis Racioppi, Jr.

Dear Mr. Shinder and Ms. Lynd:

As you know, we represent Francis Racioppi, Jr. in connection with his termination from Genius Fund. Please allow this to serve as our demand that Genius Fund (including all of its employees, officers, directors, affiliated companies, and affiliated persons, such as Goldhawk Investment Ltd., Alltech Group, Dmitry Bosov, and others) immediately institute a litigation hold on all evidence that could potentially be relevant to future litigation between Genius Fund and Mr. Racioppi in connection with his termination, including any and all evidence related to his employment with Genius Fund.

Please note that if relevant materials are not preserved, we intend to seek all available sanctions—including monetary sanctions, evidentiary sanctions, issue sanctions, or other sanctions as appropriate.

Please act diligently to preserve all documents and electronically stored information from at least **August 2019 onward** that may be relevant to this dispute, Mr. Racioppi's employment, or any matters related to it. This notice applies to all paper, electronic documents, and communications (including but not limited to messages exchanged via email, text, and instant messaging applications). If you are unsure about whether certain paper or electronic documents are relevant, you should preserve them. You should interpret the term "document(s)" broadly to include any paper or electronically stored information that pertains to the topics listed above, even drafts, including items such as: e-mails, faxes, charts, spreadsheets, correspondence, reports, agreements, memoranda, summaries or records of conversations, notes, envelopes, books,

**Browne George Ross LLP**
Gary I. Shinder
Michelle Lynd
April 2, 2020
Page 2

calendars/schedules, drafts, versions, or copies of the same documents, as well as photographs, video and/or audio tapes, and computer storage (CD/DVD/thumb drive/etc.).

      This list covers all working files, desk or credenza files, personnel files, supervisory files, departmental files, duplicate copies of documents and files, telephone logs, diary entries, appointment books, etc., no matter where they are located. Electronically stored information should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically, or optically stored as:

    (a)    Digital communications (e.g., e-mail, voice mail, instant messaging, etc.);

    (b)    Word-processed documents (e.g., Word or WordPerfect documents and drafts);

    (c)    Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

    (d)    Project management documents and data (e.g., MS Project, Smartsheet, Excel, Word, Autodesk);

    (e)    Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);

    (f)    Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF, .BMP, .PNG images);

    (g)    Sound Recordings (e.g., .WAV and .MP3 files);

    (h)    Video and Animation (e.g., .AVI, .WMV and .MOV files);

    (i)    Databases (e.g., Access, Oracle, SQL Server data, SAP);

    (j)    Customer & Contact Relationship Management (CRM) Data (e.g., Outlook, ACT!);

    (k)    Business Intelligence Tools (e.g., Cisco, dashboards);

    (1)    Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, Google, blog tools);

**Browne George Ross LLP**

Gary I. Shinder
Michelle Lynd
April 2, 2020
Page 3

    (m)    Online Access Data (e.g., Temporary Internet Files, History, Cookies);

    (n)    Presentations (e.g., PowerPoint, Corel Presentations);

    (o)    Network Access and Server Activity Logs;

    (p)    Computer-Aided Design/Drawing Files;

    (q)    Back-Up and Archival Files (e.g., Zip, .GHO); and

    (r)    Any other similar forms of information.

You must also retain (and not delete) electronically stored information, including electronic documents (MS Word, PowerPoints, MS Excel, *etc.*), computerized calendars, email messages, Instant Messages (IM), wikis, blogs, and any other types of data or information wherever it may be stored, including on your workstation, laptop, PDA (*e.g.,* iPhone), or the company's network. If you are aware of potentially relevant data stored on a network, departmental database, shared or public mailbox, or with a third party vendor, that evidence must also be preserved.

**ALL COMPANY DOCUMENT DESTRUCTION POLICIES SHOULD BE SUSPENDED. MOREOVER, IF ANY COMPANY EMPLOYEES HAVE A MOBILE PHONE THAT IS SET TO AUTOMATICALLY DELETE TEXT OR INSTANT MESSAGING COMMUNICATIONS AFTER A CERTAIN PERIOD OF TIME, PLEASE REMOVE OR MODIFY SUCH SETTINGS SO THAT COMMUNICATIONS RELATING TO THIS MATTER ARE PRESERVED UNTIL FURTHER NOTICE. IF YOU HAVE ANY DOUBT ABOUT WHETHER TO RETAIN ANY DOCUMENTS OR INFORMATION, YOU MUST PRESERVE AND RETAIN THE INFORMATION.**

Thank you for your attention to this matter.

                            Very truly yours,

                            Thomas P. O'Brien

tpo:djc