David B. Golubchik (SBN 185520)
Kurt Ramlo (SBN 166856)
LEVENE, NEALE, BENDER,
  YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; KR@LNBYB.com

Attorneys for Defendants Gary I. Shinder; Genius Fund I, Inc.; Genius Fund I, LLC; ESSMW – Earth Solar System Milky Way, LLC; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Genius Delivery LLC; Planck Properties LLC; Aristotle Equipment LLC; Genius Sales LLC; Genius Products T, Inc.; Genius Products NT, Inc.; and Genius Products, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR.,<br><br>          Plaintiff,<br><br>     vs.<br><br>DMITRY BORISOVICH BOSOV, et al.,<br><br>          Defendants. | Case No. 2:20-cv-03797-FMO-JC<br><br>**Declaration of Oleg Flaksman in Support of Opposition to Ex Parte Application for Right to Attach Order, Order for Issuance of Writ of Attachment, and Temporary Protective Order (DE 10)**<br><br>Hearing:<br>Date: May 21, 2020<br>Time: 2:00 p.m.<br><br>United States Magistrate Judge Jacqueline Chooljian |

1       I, Oleg Flaksman, declare:

2       1.    My company, O&O Investigations Inc., is an investigative and corporate consultant to the Genius Fund Group. I refer to Genius Fund I Inc. "and its affiliates" in this declaration as the "**Company**" or the "**Genius Fund Group**." I am the Chief Executive Officer and founder of O&O Consultants, Inc., which was retained by the Genius Fund Group to assist it in his restructuring efforts. O&O Consultants provides numerous services, including assistance in the restructuring and mergers and acquisitions contexts. O&O Consultants conducts extensive corporate research and financial investigations. O&O Consultants also assists companies in recovering lost or hidden assets, including electronic data, on a global scale.

      2.    As part of its engagement, O&O Consultants has obtained a copy of the electronic records of the Genius Fund Group and currently constitutes a custodian of those records. Thus, I am one of the custodians of the books, records, and files of the Genius Fund Group. I have personally worked on books, records, and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of the Genius Fund Group on behalf of the Genius Fund Group, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Genius Fund Group's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of the Genius Fund Group by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

      3.    I have personal knowledge of the facts set forth herein, and, if called to testify, could and would competently testify to such facts.

      4.    Attached as **Exhibit 51** is a true and correct copy of an email chain that included Plaintiff and other personnel of the Genius Fund Group (including a

1 representative of Alltech Group) on February 19, 2020. This email chain was
2 received in Plaintiff's Company email account.

3      5. Attached as **Exhibit 41** to the first Gary I. Shinder declaration
4 (DE 15-1) is a redacted true and correct copy of Plaintiff's March 22, 2020 21:34
5 email to Shinder. This email was sent from Plaintiff's Company email account.

6      6. Attached as **Exhibit 42** to the first Shinder declaration is a redacted
7 true and correct copy of an email chain that included Plaintiff on March 24 and 27,
8 2020. This email chain was received in and sent from Plaintiff's Company email
9 account, as the case may be.

10      7. Attached as **Exhibit 43** to the first Shinder declaration is a redacted
11 true and correct copy of an email chain that included Plaintiff and other personnel
12 of the Genius Fund Group on March 27 and 28, 2020. This email chain was
13 received in and sent from Plaintiff's Company email account, as the case may be.

14      8. Attached as **Exhibit 44** to the first Shinder declaration is a redacted
15 true and correct copy of an email chain that included Plaintiff and other personnel
16 of the Genius Fund Group on March 27 and 30, 2020. This email chain was
17 received in and sent from Plaintiff's Company email account, as the case may be.

18      9. Attached as **Exhibit 52** is a redacted true and correct copy of an email
19 chain that included Plaintiff and other personnel of the Genius Fund Group on
20 March 28, 2020. This email chain was received in and sent from Plaintiff's
21 Company email account, as the case may be.

22      10. Attached as **Exhibit 45** to the first Shinder declaration is a redacted
23 true and correct copy of an electronic invitation from Michelle Lind to Datesh
24 Kshatriya, Plaintiff, and Shinder that had been accepted by Plaintiff on March 29,
25 2020. This electronic invitation was received in and accepted from Plaintiff's
26 Company email account, as the case may be.

27      11. Attached as **Exhibit 46** to the first Shinder declaration is a redacted
28 true and correct copy of an electronic invitation from Lind to Kshatriya, Plaintiff,

1  and Shinder that had been accepted by Plaintiff on March 30, 2020.  This
2  electronic invitation was received in and accepted from Plaintiff's Company email
3  account, as the case may be.
4      12.    Attached as **Exhibit 53** is a true and correct copy of an email from
5  Plaintiff to other personnel of the Genius Fund Group on March 31, 2020, at 11:19
6  a.m. Pacific Time.  This email was sent from Plaintiff's Company email account.
7      13.    Attached as **Exhibit 54** is a true and correct copy of an email from
8  Plaintiff to other personnel of the Genius Fund Group on March 31, 2020, at 12:06
9  p.m. Pacific Time.  This email was sent from Plaintiff's Company email account.
10     14.    Attached as **Exhibit 55** is a redacted true and correct copy of
11  Plaintiff's March 31, 2020 paystub for the period ending March 25, 2020.  I
12  obtained this paystub from the books and records of the Company.
13     15.    Attached as **Exhibit 47** to the first Shinder declaration is a redacted
14  true and correct copy of an email chain that included Plaintiff and other personnel
15  of the Genius Fund Group on April 1, 2020.  This email chain was received in and
16  sent from Plaintiff's Company email account, as the case may be.
17     16.    Attached as **Exhibit 48** to the first Shinder declaration is a redacted
18  true and correct copy of an email chain that included Plaintiff and other personnel
19  of the Genius Fund Group on April 1 and 2, 2020.  This email chain was received
20  in and sent from Plaintiff's Company email account, as the case may be.
21     17.    I spoke with Michael O'Dowd on or about April 27, 2020.  O'Dowd
22  stated that he had received backdated letters by mail.  In response, I suggested that
23  he should consult with an attorney.  O'Dowd also said that he had heard that the
24  Company was liquidating all assets and running off with the money.  I replied that
25  this was not the case and that as with any restructuring, the Company was deciding
26  which assets to keep and which to dispose of to pay its liabilities.
27     18.    O'Dowd contends that the Genius Fund Group backdated a document
28  sent to him.  I have researched and investigated the books and records of the

Genius Fund Group. I have determined that the Genius Fund Group instructed a contractor to mail out to recently laid-employees a COBRA notice and what should have been a second copy of the April 7, 2020 lay-off notice that had been emailed to laid-off employees on April 7, 2020. I have since learned that in at least two instances, a copy of the March 5, 2020 WARN Act notice was erroneously included in the April follow-up mailing. Based on my review and investigation of the books and records of the Company and my discussions with Company personnel and contractors, this appears to be an inadvertent error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 14, 2020 in California.

OLEG FLAKSMAN

4