BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Jennie Wang VonCannon (State Bar No. 233392)
  jvoncannon@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
Luke Fiedler (State Bar No. 307614)
  lfiedler@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

Attorneys for Plaintiff
Francis J. Racioppi, Jr.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>DMITRY BORISOVICH BOSOV *et al.*,<br><br>Defendants. | Case No. 2:20-cv-03797-FMO (JCx)<br><br>**NOTICE OF MOTION AND MOTION FOR SUBSTITUTION OF DEFENDANT; DECLARATIONS OF LUKE FIEDLER AND FRANCIS J. RACIOPPI, JR.; [PROPOSED] ORDER**<br><br>Date:    October 1, 2020[1]<br>Time:    10:00 a.m.<br>Crtrm.:  6D<br><br>Judge:  Hon. Fernando M. Olguin<br><br>Trial Date:  None Set |

---

[1] Plaintiff has noticed the hearing on this motion more than 35 days from the date of its filing to provide sufficient time for service under Rule 4 on the substituted party, who is a foreign national.

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on October 1, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6D of the First Street U.S. Courthouse, located at 350 W. 1st Street, in Los Angeles, California 90012, before the Honorable Fernando M. Olguin, Plaintiff Francis J. Racioppi, Jr. will and hereby does move for an order substituting Katerina Bosov for the deceased Defendant Dmitry Bosov ("Decedent") in all causes of action brought against Decedent in this case. This motion is made pursuant to Federal Rule of Civil Procedure 25(a), which provides that a motion for substitution may be made by any party as to claims which are not extinguished by a person's death.

This motion is based on this notice, the attached memorandum of points and authorities, the declarations of Luke Fiedler and Francis J. Racioppi, Jr., the Court's file in this action, and any further evidence or argument presented at any hearing on this motion.

Pursuant to Local Rule 7-3, Mr. Racioppi's counsel conferred with counsel for the Defendants who have appeared in this action[2] on July 29, 2020, regarding the

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Those Defendants include Gary I. Shinder, Genius Fund I Inc., Genius Fund I LLC, ESSMW – Earth Solar System Milky Way LLC, Heli Biotech LLC, Dr. Kush World Collective LLC, Eagle Rock Herbal Collective LLC, Genius Products LLC, Full Circle Labs LLC, Nature's Holiday LLC, Variant Hemp Solutions LLC, Genius Delivery LLC, Planck Properties LLC, Aristotle Equipment LLC, Genius Sales LLC, Genius Products T Inc., Genius Products NT Inc., and Genius Products Inc. In addition to Decedent, Defendants Alltech Group and Goldhawk Investments Ltd. have not appeared in this action and thus Mr. Racioppi's counsel has not met and conferred with them regarding this motion.

NOTICE OF MOTION FOR SUBSTITUTION OF DEFENDANT

relief sought in this motion.  Defendants' counsel stated that they took no position on the relief Mr. Racioppi is requesting in this motion.

Dated:  August 21, 2020

BROWNE GEORGE ROSS LLP
  Thomas P. O'Brien
  Jennie Wang VonCannon
  David J. Carroll
  Luke Fiedler


By:        /s/ Thomas P. O'Brien
          Thomas P. O'Brien
Attorneys for Plaintiff Francis J. Racioppi, Jr.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Francis J. Racioppi, Jr. is owed several million dollars on an employment contract that Defendants prematurely terminated without cause. Those Defendants used dozens of shell companies that self-identify as part of the "Genius Fund Group"[1] in an attempt to shield the true source of their income and the actual controller of Defendants' operations: Defendant Dmitry Bosov ("Decedent" or "Defendant Bosov"), a billionaire Russian businessman who used multiple foreign corporations that he controlled to funnel tens of millions of dollars into his hazy dream of an American cannabis empire. But after a string of bad investments, power struggles, and irresponsible spending nearly brought the company to its knees, Defendants terminated Mr. Racioppi without cause on March 27, 2020 from his position as the company's Chief Executive Officer, leaving him without the compensation his written employment agreement promised.

Mr. Racioppi now seeks to recover from Decedent and the other Defendants the money he is owed under that agreement. Approximately eleven days after Mr. Racioppi filed his complaint, however, Decedent was found dead in his home in a suburb of Moscow, Russia, apparently from a gunshot wound.[2] Mr. Racioppi therefore requests an order from the Court substituting Katerina Bosov, Decedent's wife and successor in interest, as a party in this case.

Mrs. Bosov, who is Decedent's successor under Russian law, should be substituted as a party under the provisions of Federal Rule of Civil Procedure 25(a)(1) because all of the requirements of Rule 25(a) are satisfied, and Mr.

---

[1] The various companies comprising the Genius Fund Group are at times referred to herein singularly as the "company" only for ease of reference.

[2] *See, e.g.*, *Russian Coal Baron Dmitry Bosov Dead in Possible Suicide*, RADIO FREE EUROPE/RADIO LIBERTY (May 6, 2020), https://www.rferl.org/a/russian-coal-baron-bosov-dead-in-possible-suicide/30597743.html.

1  Racioppi's claims are rightfully maintained against Decedent's successor.  This
2  motion is timely because a statement of death has not been filed on the record in this
3  case.  The Court should therefore grant the motion so as to preserve Mr. Racioppi's
4  claims against Decedent.

5  **II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

6          Decedent was a Russian oligarch who sought to capitalize on California's
7  burgeoning commercial cannabis industry by creating the "Genius Fund Group."
8  First Amended Complaint ("FAC") ¶ 3, ECF No. 36.  Over the course of several
9  years, Decedent invested more than $160 million dollars in the Genius Fund Group
10 through Defendants Alltech Group and Goldhawk Investments Ltd., both foreign
11 companies in which Decedent held a controlling interest.  *Id.*  Through a vast
12 network of shell companies, some of which are named as defendants in the FAC,
13 Decedent directed, funded, and controlled the Genius Fund Group's daily
14 operations.  *Id.*  On March 5, 2020, after working for the Genius Fund Group in
15 various positions for nearly a year, Mr. Racioppi was officially hired as the
16 company's Chief Executive Officer.  *Id.* ¶ 6.  On March 27, 2020, Mr. Racioppi was
17 terminated without cause.  *Id.*

18         On April 24, 2020, Mr. Racioppi filed his original Complaint, naming 23
19 individuals and entities as defendants, including Decedent.  ECF No. 1.  Mr.
20 Racioppi alleged six causes of action, including breach of contract, intentional
21 misrepresentation, and whistleblower retaliation, each arising out of Decedent and
22 Defendants wrongfully terminating him from his position as the company's Chief
23 Executive Officer.  *Id.* ¶¶ 49-77. Mr. Racioppi's counsel learned through media
24 reports that Decedent had passed away at his home in Moscow approximately
25 eleven days after Mr. Racioppi filed his Complaint.  Declaration of Luke Fiedler in
26 Support of Motion for Substitution of Defendant ("Fiedler Decl.") ¶ 2.  On May 21,
27 2020, Mr. Racioppi amended his Complaint to comply with the Court's Order to
28 Show Cause re: Jurisdiction, ECF No. 21.  ECF No. 36.

On July 15, 2020, the Court issued an order to show cause directing Mr. Racioppi to address why Decedent and four of the entities named as defendants should not be dismissed for lack of prosecution.  ECF No. 55.  On July 22, 2020, Mr. Racioppi filed a response.  ECF No. 64.  On July 30, 2020, the Court ordered Mr. Racioppi to file the instant motion no later than August 21, 2020.  ECF No. 72.

## III.   LEGAL STANDARD

The substitution of deceased parties is governed by Federal Rule of Civil Procedure 25, which states in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  "'Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests.'"  *Smith v. Specialized Loan Servicing, LLC*, No. 16-cv-2519, 2017 WL 4050344, at *2 (S.D. Cal. Sept. 13, 2017) (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).  In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are not extinguished; and (3) the person being substituted is a proper party.  *See Veliz v. Cintas Corp.*, No. 03-cv-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).

In addition to these substantive requirements, a motion to substitute must also be properly served upon the substituted party.[3]  *See* Fed. R. Civ. P. 25(a)(3);

---

[3] As explained in Mr. Racioppi's accompanying *ex parte* application for an order authorizing alternative service, Mrs. Bosov is a citizen of and resides in the Russian Federation.  Mr. Racioppi is thus concurrently seeking authorization to serve Mrs. Bosov by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3).  In the event the Court grants that application, Mr. Racioppi will effect service of this motion on Mrs. Bosov by the alternative methods set forth therein.

1    *Gothberg v. Town of Plainville*, 305 F.R.D. 28, 31 (D. Conn. 2015).  Rule 25(a)(3)

2    specifically provides: "A motion to substitute, together with a notice of hearing,

3    must be served on the parties as provided in Rule 5 and on nonparties as provided in

4    Rule 4." *Id*.  When this requirement, along with the requirements of Rule 25(a)(1),

5    are satisfied, the substituted party steps into the same position as the original party

6    to the action.  *See Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

7    **IV.    ARGUMENT**

8         **A.    The Motion Is Filed Timely**

9         There can be no dispute that Mr. Racioppi's motion is timely under Rule

10   25(a)(1).  Rule 25(a)(1) "requires two affirmative steps in order to trigger the

11   running of the 90 day period" for bringing a motion for substitution.  *Barlow v.*

12   *Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The first step is to "formally suggest the

13   death of the party on the record."[4]  *Id*.  The second step is to serve other parties and

14   nonparty successors or representatives of the deceased with a statement of death in

15   the same manner as required for service of the motion.  *Id*.

16        Here, according to media reports, Decedent was found dead on or about May

17   6, 2020.  No statement of death has been filed in this case, nor has one been served

18   on counsel.  At least one court in this district has held that a motion for substitution

19   is timely under Rule 25(a)(1) if filed under similar circumstances.  *City of Colton v.*

20   *Am. Promotional Events, Inc.*, No. 09-cv-1864, 2014 WL 12740637, at *2 (C.D.

21   Cal. Apr. 15, 2014) (Gutierrez, J.) ("Although both parties are aware of Decedent's

22

23        [4] Rule 25 does not require a particular party to file the statement of death
upon the record.  *See* Fed. R. Civ. P. 25(a).  But the Ninth Circuit has held that
24   "where a party files a suggestion of death, it must do so in a manner that puts all
interested parties and nonparties on notice of their claims in order to trigger the 90-
25   day window."  *Gilmore v. Lockard*, 936 F.3d 857, 866-67 (9th Cir. 2019).  For this
reason, the Ninth Circuit has required that the party that is "better suited" to identify
26   the proper party for substitution be the party responsible to file the statement of
death, and to identify either the decedent's successor or personal representative
27   when doing so.  *Id.* at 867.

28

death, a statement of death has not been filed on the record in this case. [] As such, the 90 day period has not triggered, and so does not preclude [the plaintiff] from bringing the instant motion."); *see also Barlow*, 39 F.3d at 233-34 ("Thus, we hold that the 90 day period provided by Rule 25(a)(1) will not be triggered against [the decedent's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4."). Mr. Racioppi's motion is therefore timely.

### B. Mr. Racioppi's Claims Against Decedent Are Not Extinguished

Rule 25(a)(1) permits substitution a party upon his or her death if "the claim is not extinguished." Fed. R. Civ. P. 25(a)(1). Whether an action survives the death of a party is determined by the law under which the cause of action arose. *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004).

Each of Mr. Racioppi's claims against Decedent arise under California law. *See* FAC ¶¶ 49-77. Under California law, "a pending action or proceeding does not abate by the death of a party if the cause of action survives," Cal. Civ. Proc. Code § 377.21, and "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period," *id.* § 377.20(a).

Here, Mr. Racioppi alleges causes of action against Decedent arising out of Decedent and Defendants' wrongful conduct that began in or around March 2020 when they terminated him from his employment contract without cause. Mr. Racioppi has not dismissed any of these causes of action against Decedent since initiating this lawsuit. Thus, Mr. Racioppi's claims against Decedent were not extinguished under California law upon Decedent's death. *City of Colton*, 2014 WL 12740637 at *2 (holding that each of the plaintiff's state law claims against the decedent survived the decedent's death and were not extinguished for purposes of Rule 25 because the plaintiff had not dismissed those claims against the decedent); *see also Bogie v. Ethicon, Inc.*, No. 20-cv-00044, 2020 WL 3868472, at *2 (E.D.

1   Cal. July 9, 2020) (holding that claims alleged in 2013 for injuries suffered

2   beginning in 2005 arising under California law were not extinguished upon the

3   plaintiff's death in 2018).

4         **C.**     **<u>Mrs. Bosov Is A Proper Party For Substitution</u>**

5         Rule 25 defines the "proper party" for substitution as either "the decedent's

6   successor or representative."  Fed. R. Civ. P. 25(a)(1).  California law defines

7   "personal representative" as an "executor, administrator, successor personal

8   representative . . . or a person who performs substantially the same function under

9   the law of another jurisdiction." Cal. Prob. Code § 58.  "Decedent's successor in

10  interest," on the other hand, "means the beneficiary of the decedent's estate or other

11  successor in interest who succeeds to a cause of action or to a particular item of the

12  property that is the subject of a cause of action."  Cal. Code Civ. Proc. § 377.11; *see*

13  *In re Baycol Prods. Litig*., 616 F.3d at 787-88 ("Under California law, a successor is

14  defined as 'the beneficiary,' and for purposes of Fed. R. Civ. P. 25(a)(1), this is the

15  end of the inquiry under California law.").  Under California law, the beneficiary of

16  a decedent's intestate estate is the person or persons who succeed to the estate under

17  the law of the foreign nation that governs succession. *Id*. § 377.10.

18        It is clear that Mrs. Bosov is a successor to Decedent's estate under Russian

19  law for purposes of this motion.  Mrs. Bosov is Decedent's widow.  Declaration of

20  Francis J. Racioppi, Jr. ¶¶ 2-3.  Under the provisions of the Civil Code of the

21  Russian Federation governing intestate succession, Decedent's children, spouse, and

22  parents are "first category heirs," with inheritance priority over members of other

23  categories of heirs.[5]  *See* Fiedler Decl. ¶ 3, Ex. A; Civil Code of the Russian

24  _____

25       [5] Courts in the Ninth Circuit, as well as courts in other circuits, have cited
with approval to the Civil Code of the Russian Federation as authority governing

26  various areas of substantive Russian law.  *See Murphy v. Lazarev*, 589 F. App'x
757, 765 n.2 (6th Cir. 2014) (interpretation of contract terms); *Fokina v. Berryhill*,

27  No. C-16-1279-RAJ, 2017 WL 3616854, at *3 n.5 (W.D. Wash. Aug. 23, 2017),

28  *aff'd*, 756 F. App'x 666 (9th Cir. 2018) (recognizing validity of certain contracts);

1  Federation, Article 1142, http://www.russian-civil-

2  code.com/PartIII/SectionV/Subsection1/Chapter63.html (last visited Aug. 20, 2020).

3  Because Mrs. Bosov is Decedent's widow, she is a "first category heir" to

4  Decedent's estate and is therefore a "successor" under California law and Rule 25.

5  Indeed, Mrs. Bosov has taken over Defendant Bosov's largest financial holding—

6  Sibanthracite Group.  Fiedler Decl. ¶ 7, Ex. E; *Katerina Bosov*, Sibanthracite Group,

7  https://www.sibanthracite.ru/company/heads/kbosov/ (last visited Aug. 21, 2020).

8  Prior to Defendant Bosov's death, Mrs. Bosov was a member of the Board of

9  Directors of the Sibanthracite Group, the world leader in the anthracite production

10  and export and Russia's largest producer of metallurgical coal.  Fiedler Decl. ¶ 4,

11  Ex. B; Sibanthracite Group, https://www.sibanthracite.ru/ (last visited August 20,

12  2020).  Mrs. Bosov also serves as the Commercial Director of MC Sibanthracite,

13  "the company that manages the Sibanthracite Group's enterprises."  Fiedler Decl.

14  ¶ 5, Ex. C; *Katerina Bosov: "Our idea is to individualize training and replace*

15  *irrelevant subjects with those necessary for work," Комersant* (March 24, 2020),

16  available at:  https://www.sibanthracite.ru/media/2020/03/24/our-idea-is-to-

17  individualize-training-and-replace-irrelevant-subjects-with-those-necessary-for-

18  work/.  Prior to Defendant Bosov's death, Sibanthracite was considered the "main

19  asset" in his estate.  Fiedler Decl. ¶ 6, Ex. D; *#1851 Dmitry Bosov*, Forbes 2020

20  Billionaires Net Worth, https://www.forbes.com/profile/dmitry-

21  bosov/#2e68e15c406c (last updated Apr. 7, 2020).  After Defendant Bosov's

22  untimely death, it was Mrs. Bosov who replaced Defendant Bosov as the

23  Chairperson of the Board of Directors of Sibanthracite.  Fiedler Decl. ¶ 7.

24      Mrs. Bosov is an appropriate party for substitution under California law.  The

25  Court should therefore recognize Mrs. Bosov as a proper party to substitute for

26

27  *Averbach v. Vnescheconombank*, 280 F. Supp. 2d 945, 952-53 (N.D. Cal. 2003)

28  (statute of limitations in breach of contract claim).

1  Decedent in this case.

2  **V.    <u>CONCLUSION</u>**

3        For the foregoing reasons, Mr. Racioppi respectfully requests that the Court

4  grant the motion and substitute Mrs. Bosov for Decedent as a party to this case.  In

5  the event that the Court denies the motion based on a curable defect, Mr. Racioppi

6  requests that the denial be without prejudice to correcting the defect and renewing

7  the motion.  *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th

8  Cir. 2017) ("[D]iscretionary extension should be liberally granted absent a showing

9  of bad faith on the part of the movant for substitution or undue prejudice to other

10 parties to the action.").

11

12 Dated:  August 21, 2020              BROWNE GEORGE ROSS LLP
                                         Thomas P. O'Brien
13                                       Jennie Wang VonCannon
14                                       David J. Carroll
                                         Luke Fiedler
15

16

17                          By:    /s/ Thomas P. O'Brien
                                    Thomas P. O'Brien
18                          Attorneys for Plaintiff Francis J. Racioppi, Jr.

19

20

21

22

23

24

25

26

27

28