David B. Golubchik (SBN 185520)
Kurt Ramlo (SBN 166856)
LEVENE, NEALE, BENDER,
  YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; KR@LNBYB.com

Attorneys for Third Party Genius Fund I ABC, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DMITRY BORISOVICH BOSOV, et al., <br><br> Defendants. | Case No. 2:20-cv-03797-FMO (JCx) <br><br> **Objection to Form of Proposed Order and Notice of Lodging Alternative Form of Propsoed Order** <br><br> Hearing: <br> Date: October 14, 2020 <br> Time: 3:30 p.m. <br> Courtroom: 750 <br><br> United States Magistrate Judge <br> Hon. Jacqueline Chooljian |

Third Party Genius Fund I ABC, LLC (the "**Assignee**") objects to the form of proposed order lodged by Plaintiff and give notice of its lodging of an alternative form of proposed order, as follows:

It is just as important for orders to state unambiguously what they are not deciding as what they are deciding and to provide clear guidance for further scheduled hearings.

Plaintiff moved ex parte for an order certifying facts constituting contempt and for an order to show cause why certain defendants and Joseph Ohayon (defined as "**Contemnors**" in the Application at 1:5-9) should not be held in contempt and subject to fines and sanctions. (DE 90, 94, filed October 8, 2020.)

1  Buried in the supporting memorandum of law was a second definition of "Contemnors," which included unnamed "co-conspirators" and Mr. Ohayon who allegedly "acted in concert" (i.e., the Rule 65(d)(2)(C) term for defining those bound by an injunction) with certain defendants (Application at 2:24-28, 13:23-27.) The proposed order did not define "contemnors" and mentioned a single co-conspirator, Joseph Ohayon. (DE 94, filed October 8, 2020.)

In his reply, Plaintiff added a new request, for an asset freeze and seizure of all attached assets by the United States Marshall. (DE 107, filed October 13, 2020; DE 112, filed under seal October 14, 2020). The reply further asserted that the general assignment for the benefit of creditors made by certain defendants to the Assignee was "simply an attempt to defraud one or more of [their] creditors . . . ." (DE 107, 112, at 918-19.)

The Assignee voluntarily appeared at the initial hearing on the Application and consented to this Court's freezing of the assets held by the Assignee in trust for each of the assignor defendant's creditors (including Plaintiff) and to providing separate accountings. Given Plaintiff's contention that the basis for granting any relief on the Application was based in part on the Plaintiff's allegation that the general assignments were frauds on one or more of each defendant assignor's creditors including Plaintiff, the Assignee inquired of the Court whether the Court was making a ruling on the validity of the general assignments and whether the validity remained for later adjudication. The Court responded that it was not making any such ruling and that the issue was preserved for further adjudication. Although the Court's minute order (DE 114, entered October 14, 2020) stated that it "deferred ruling on the outstanding portions of the Application pending further meet and confer sessions between counsel," the minute order does not specify whether the relief it granted at the initial hearing was based on a finding that the general assignments were valid or invalid or whether any such finding was made.

The order signed by the Court should reflect the scope of the Court's ruling

(including its basis) and provide clear guidance for further proceedings on the Application, which is set for further hearing on November 18, 2020.

   Attached as Exhibit 1 is an alternative form of proposed order prepared by Assignee. Attached as Exhibit 2 is a redline showing changes in Exhibit 1 in comparison to the proposed order lodged by Plaintiff.

   Respectfully submitted,

Dated: October 19, 2020 LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

     By: */s/ Kurt Ramlo*
       DAVID B. GOLUBCHIK
       KURT RAMLO
     Attorneys for Third Party Genius Fund I ABC, LLC

# Exhibit 1

# Exhibit 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>DMITRY BORISOVICH BOSOV *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-03797-FMO (JCx)<br><br>**[PROPOSED] ORDER FREEZING ASSETS OF CERTAIN DEFENDANTS AND INTERESTED NON-PARTIES AND REQUIRING ACCOUNTING OF ASSETS**<br><br>Judge:  Hon. Jacqueline Chooljian<br><br>Trial Date: October 5, 2021 |

On October 14, 2020, this Court held a hearing on Plaintiff Francis J. Racioppi, Jr.'s *Ex Parte* Application to Certify Facts Constituting Contempt, to Set an Order to Show Cause Hearing Re: Contempt, and for Other Relief ("**Application**").  Pursuant to 28 U.S.C. § 636, the District Judge in this action has designated the Magistrate Judge to hear and determine all matters in connection with the Application to the fullest extent permitted under law.  No party present at the October 14, 2020 hearing objected to this designation or to the Magistrate Judge's authority to so determine, to the extent permitted under law, the matters in the Application or to issue this Order.

Having read and considered all papers filed in support of and in opposition to the Application, and having heard from all counsel at the October 14, 2020 hearing on the matters addressed herein, the Court **ORDERS** as follows:

1. Except as otherwise expressly provided in this Order, Defendant Planck Properties LLC, Defendant Goldhawk Investments Ltd., Defendant Dr. Kush World Collective LLC, Defendant Eagle Rock Herbal Collective LLC, Defendant Aristotle Equipment LLC, Defendant Genius Fund I, Inc., Defendant Gary Shinder, and third parties Joseph Ohayon, Heli Holdings LLC, and Genius Fund I ABC, LLC (collectively "**Subjects**" and singularly "**Subject**") shall not in any manner—directly or indirectly—sell, trade, transfer ownership or possession of, impair, convey, exchange, or dispose of any asset,[1] or any interest in any asset, that at any time was or is subject to the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74).  The restrictions set forth in this paragraph are hereinafter referred to as the "**Freeze Order**."  This Freeze Order expressly, but not exclusively, applies to the following assets:

---

[1] As used in this Order, "asset" shall include, but is not limited to, real property, personal (movable) property, intellectual property, business or other equity interests, liquid assets, money, monetary instruments, and any other tangible or intangible property.

      a.      Real property located at 9928 and 9932 Rancho Road, Adelanto, California 92301 ("**Adelanto Property**");

      b.      Real property located at 7569 Melrose Avenue, Los Angeles, California 90046 ("**Melrose Property**");

      c.      Real property located at 0 Bolsa Road, Hollister, California 95023 ("**Hollister Property**");

      d.      Any tangible or intangible property (including, but not limited to, real property, business equity interests, equipment, intellectual property, and personal property) transferred into the ownership, possession, or control of Heli Holdings LLC or Mr. Ohayon pursuant to the July 21, 2020 Settlement Agreement (attached as Exhibit G to the Application, ECF No. 90-9), the Bill of Sale (attached as Exhibit H to the Application, ECF No. 90-10), and any related or ancillary agreements or documents;

      e.      Any money, monetary instruments, proceeds, assets, or property of any kind that any of the Subjects has received or may later receive as consideration for selling, trading, transferring ownership or possession of, conveying, or exchanging (in any manner) any asset, or any interest in any asset, that at any time was or is subject to the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74), whether before or after the effective date of the Freeze Order. Any such consideration that is in the form of money or monetary instruments shall be immediately deposited into a segregated escrow account, to which this Freeze Order and *Nunc Pro Tunc* Right to Attach Order (ECF No. 74) shall immediately apply.

2.      The sole exception to the Freeze Order is as follows:

      a.      Heli Holdings and Mr. Ohayon may process and/or sell any hemp biomass inventory currently in their possession that they received

from one or more Subjects, provided that (1) the proceeds from any such sale are immediately placed into a segregated escrow account; and (2) those proceeds and the escrow account shall immediately become subject to the Freeze Order and the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74); and

      b.     Heli Holdings and Mr. Ohayon may process and/or sell any biomass at the Adelanto Facility, not subject to the Right to Attach Order or the Freeze Order, i.e. biomass obtained from third parties not subject to the either order and which biomass was not subject to the Right to Attach Order.

     3.     On or before **October 26, 2020**, Subjects (except Defendant Shinder and Defendant Goldhawk Investments Ltd.) shall each provide an accounting of all assets in which they have or claim an ownership interest that are subject to the Right to Attach Order (ECF No. 47), the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74), or the Freeze Order.[2]  This shall include, but is not limited to: (1) any assets in which that Subject had or claimed an ownership interest since May 28, 2020, even if the Subject no longer has or claims an ownership interest; and (2) any assets identified in Paragraphs 1(a)–(e).  The accounting shall be verified under penalty of perjury by an individual with personal knowledge of the assets accounted for, and shall include the following information:

      a.     A description of the asset;

---

[2] The accounting for Defendants Genius Fund I, Inc. shall be furnished by Larson O'Brien LLP.  The accounting for Defendant Planck Properties LLC, Defendant Dr. Kush World Collective LLC, Defendant Eagle Rock Herbal Collective LLC, Defendant Aristotle Equipment LLC, third party Joseph Ohayon, and third party Heli Holdings LLC shall be furnished by the Law Offices of Jimmy Taus.  The accounting for Genius Fund I ABC, LLC shall be furnished by Levene, Neale, Bender, Yoo & Brill L.L.P.

      b.      Approximate quantity of the asset (if applicable);

      c.      The person(s) or entity(ies) that own(s) the asset, including the percentage interest owned by each owner;[3]

      d.      Whether or not ownership of the asset has changed since May 28, 2020, and, if so, the original owner of the asset (as of May 28, 2020), and to the extent known: all subsequent owners of the asset, the dates ownership transferred to those subsequent owners, and any consideration (of any kind) paid to the transferor for each transfer of ownership, and the method of payment (cash, bank transfer, etc.);

      e.      The person or entity currently in possession of the asset, if known;

      f.      The current location of the asset, if known;

      g.      For any asset in a bank account (or otherwise on deposit with a financial institution), the name of the financial institution and the last four digits of the account number; and

      h.      An estimate of the current market value of the asset.

4.      The accounting of assets under Paragraph 3 provided by Genius Fund I ABC, LLC shall apply to any assets assigned (or otherwise transferred) to it by any person or entity subject to the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74).  Genius Fund I ABC, LLC shall provide a separate accounting for each assignor entity that assigned (or otherwise transferred) assets to Genius Fund I ABC, LLC.

---

[3] To the extent any known dispute exists regarding ownership of a particular asset, identify all parties that claim an ownership interest in the asset and the percentage interest claimed.  Solely for the purposes of this accounting, this does not include Plaintiff's claim to the asset under the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74).

5.      Each Subject's accounting of assets under Paragraphs 3 and 4 shall be provided to all other Subjects' and Plaintiff's counsel of record.  All counsel in receipt of any Subject's accounting of assets shall not disclose or disseminate that accounting to any third party, except with the express permission of the Subject that provided the accounting or order of the Court.

      a.      Ohayon and Heli Holdings, LLC's accounting relating to biomass from third parties shall be provided for attorneys' eyes only, including the limitation of disclosure to clients, and with the identities of any non-Subjects redacted.

6.      Unless otherwise stated, all orders and requirements contained herein, including the Freeze Order, were and are effective as of October 14, 2020, and shall remain in full force and effect until further order from this Court.

7.      Levene, Neale, Bender, Yoo & Brill L.L.P. shall send Defendant Shinder a copy of this Order by e-mail at Defendant Shinder's last known e-mail address, and by registered mail at his last known mailing address.

8.      Nothing set forth herein is deemed to adjudicate or determine the propriety or effectiveness of the Assignment to the Benefit of Creditors process in favor of Genius Fund I ABC, LLC.  Nothing set forth herein is deemed to adjudicate or determine the propriety or effectiveness of the Assignment to the Benefit of Creditors process in favor of Genius Fund I ABC, LLC.

**IT IS SO ORDERED.**

Date: _____      _____

                                                          Hon. Jacqueline Chooljian
                                                          United States Magistrate Judge

# Exhibit 2

# Exhibit 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DMITRY BORISOVICH BOSOV *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-03797-FMO (JCx)<br><br>**[PROPOSED] ORDER FREEZING ASSETS OF CERTAIN DEFENDANTS AND INTERESTED NON-PARTIES AND REQUIRING ACCOUNTING OF ASSETS**<br><br>Judge:　Hon. Jacqueline Chooljian<br><br>Trial Date:　October 5, 2021 |

On October 14, 2020, this Court held a hearing on Plaintiff Francis J. Racioppi, Jr.'s *Ex Parte* Application to Certify Facts Constituting Contempt, to Set an Order to Show Cause Hearing Re: Contempt, and for Other Relief ("**Application**").  Pursuant to 28 U.S.C. § 636, the District Judge in this action has designated the Magistrate Judge to hear and determine all matters in connection with the Application to the fullest extent permitted under law.  No party present at the October 14, 2020 hearing objected to this designation or to the Magistrate Judge's authority to so determine, to the extent permitted under law, the matters in the Application or to issue this Order.

Having read and considered all papers filed in support of and in opposition to the Application, and having heard from all counsel at the October 14, 2020 hearing on the matters addressed herein, the Court **ORDERS** as follows:

1. Except as otherwise expressly provided in this Order, Defendant Planck Properties LLC, Defendant Goldhawk Investments Ltd., Defendant Dr. Kush World Collective LLC, Defendant Eagle Rock Herbal Collective LLC, Defendant Aristotle Equipment LLC, Defendant Genius Fund I, Inc., Defendant Gary Shinder, and third parties Joseph Ohayon, Heli Holdings LLC, and Genius Fund I ABC, LLC (collectively "**Subjects**" and singularly "**Subject**") shall not in any manner—directly or indirectly—sell, trade, transfer ownership or possession of, impair, convey, exchange, or dispose of any asset,[1] or any interest in any asset, that at any time was or is subject to the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74).  The restrictions set forth in this paragraph are hereinafter referred to as the "**Freeze Order**."  This Freeze Order expressly, but not exclusively, applies to the following assets:

---

[1] As used in this Order, "asset" shall include, but is not limited to, real property, personal (movable) property, intellectual property, business or other equity interests, liquid assets, money, monetary instruments, and any other tangible or intangible property.

a. Real property located at 9928 and 9932 Rancho Road, Adelanto, California 92301 ("**Adelanto Property**");

b. Real property located at 7569 Melrose Avenue, Los Angeles, California 90046 ("**Melrose Property**");

c. Real property located at 0 Bolsa Road, Hollister, California 95023 ("**Hollister Property**");

d. Any tangible or intangible property (including, but not limited to, real property, business equity interests, equipment, intellectual property, and personal property) transferred into the ownership, possession, or control of Heli Holdings LLC or Mr. Ohayon pursuant to the July 21, 2020 Settlement Agreement (attached as Exhibit G to the Application, ECF No. 90-9), the Bill of Sale (attached as Exhibit H to the Application, ECF No. 90-10), and any related or ancillary agreements or documents;

e. Any money, monetary instruments, proceeds, assets, or property of any kind that any of the Subjects has received or may later receive as consideration for selling, trading, transferring ownership or possession of, conveying, or exchanging (in any manner) any asset, or any interest in any asset, that at any time was or is subject to the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74), whether before or after the effective date of the Freeze Order. Any such consideration that is in the form of money or monetary instruments shall be immediately deposited into a segregated escrow account, to which this Freeze Order and *Nunc Pro Tunc* Right to Attach Order (ECF No. 74) shall immediately apply.

2. The sole exception to the Freeze Order is as follows:

a. Heli Holdings and Mr. Ohayon may process and/or sell any hemp biomass inventory currently in their possession that they received

from one or more Subjects, provided that (1) the proceeds from any such sale are immediately placed into a segregated escrow account; and (2) those proceeds and the escrow account shall immediately become subject to the Freeze Order and the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74); and

      b.     Heli Holdings and Mr. Ohayon may process and/or sell any biomass at the Adelanto Facility, not subject to the Right to Attach Order or the Freeze Order, i.e. biomass obtained from third parties not subject to the either order and which biomass was not subject to the Right to Attach Order.

    3.     On or before **October 26, 2020**, Subjects (except Defendant Shinder and Defendant Goldhawk Investments Ltd.) shall each provide an accounting of all assets in which they have or claim an ownership interest that are subject to the Right to Attach Order (ECF No. 47), the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74), or the Freeze Order.[2]  This shall include, but is not limited to: (1) any assets in which that Subject had or claimed an ownership interest since May 28, 2020, even if the Subject no longer has or claims an ownership interest; and (2) any assets identified in Paragraphs 1(a)–(e).  The accounting shall be verified under penalty of perjury by an individual with personal knowledge of the assets accounted for, and shall include the following information:

      a.     A description of the asset;

---

[2] The accounting for Defendants Genius Fund I, Inc. shall be furnished by Larson O'Brien LLP.  The accounting for Defendant Planck Properties LLC, Defendant Dr. Kush World Collective LLC, Defendant Eagle Rock Herbal Collective LLC, Defendant Aristotle Equipment LLC, third party Joseph Ohayon, and third party Heli Holdings LLC shall be furnished by the Law Offices of Jimmy Taus.  The accounting for Genius Fund I ABC, LLC shall be furnished by Levene, Neale, Bender, Yoo & Brill L.L.P.

-3-

Case No. 2:20-cv-03797-FMO (JCx)
[PROPOSED] ORDER FREEZING ASSETS AND REQUIRING ACCOUNTING OF ASSETS

        b.      Approximate quantity of the asset (if applicable);

        c.      The person(s) or entity(ies) that own(s) the asset, including the percentage interest owned by each owner;[3]

        d.      Whether or not ownership of the asset has changed since May 28, 2020, and, if so, the original owner of the asset (as of May 28, 2020), and to the extent known: all subsequent owners of the asset, the dates ownership transferred to those subsequent owners, and any consideration (of any kind) paid to the transferor for each transfer of ownership, and the method of payment (cash, bank transfer, etc.);

        e.      The person or entity currently in possession of the asset, if known;

        f.      The current location of the asset, if known;

        g.      For any asset in a bank account (or otherwise on deposit with a financial institution), the name of the financial institution and the last four digits of the account number; and

        h.      An estimate of the current market value of the asset.

4.      The accounting of assets under Paragraph 3 provided by Genius Fund I ABC, LLC shall apply to any assets assigned (or otherwise transferred) to it by any person or entity subject to the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74). Genius Fund I ABC, LLC shall provide a separate accounting for each assignor entity that assigned (or otherwise transferred) assets to Genius Fund I ABC, LLC.

---

[3] To the extent any known dispute exists regarding ownership of a particular asset, identify all parties that claim an ownership interest in the asset and the percentage interest claimed. Solely for the purposes of this accounting, this does not include Plaintiff's claim to the asset under the Right to Attach Order (ECF No. 47) or the *Nunc Pro Tunc* Right to Attach Order (ECF No. 74).

5. Each Subject's accounting of assets under Paragraphs 3 and 4 shall be provided to all other Subjects' and Plaintiff's counsel of record. All counsel in receipt of any Subject's accounting of assets shall not disclose or disseminate that accounting to any third party, except with the express permission of the Subject that provided the accounting or order of the Court.

    a. Ohayon and Heli Holdings, LLC's accounting relating to biomass from third parties shall be provided for attorneys' eyes only, including the limitation of disclosure to clients, and with the identities of any non-Subjects redacted.

6. Unless otherwise stated, all orders and requirements contained herein, including the Freeze Order, were and are effective as of October 14, 2020, and shall remain in full force and effect until further order from this Court.

7. Levene, Neale, Bender, Yoo & Brill L.L.P. shall send Defendant Shinder a copy of this Order by e-mail at Defendant Shinder's last known e-mail address, and by registered mail at his last known mailing address.

8. Nothing set forth herein is deemed to adjudicate or determine the propriety or effectiveness of the Assignment to the Benefit of Creditors process in favor of Genius Fund I ABC, LLC. Nothing set forth herein is deemed to adjudicate or determine the propriety or effectiveness of the Assignment to the Benefit of Creditors process in favor of Genius Fund I ABC, LLC.

**IT IS SO ORDERED.**

Date: _____

                                                         Hon. Jacqueline Chooljian
                                                         United States Magistrate Judge

Document comparison by Workshare 10.0 on Monday, October 19, 2020 2:33:24 PM

| Input: | |
|---|---|
| Document 1 ID | file://G:\-CASES\G-I\G\Genius Fund I, Inc. (9125)\Racioppi\pldgs-draft\Proposed Freeze Order_1679769 - all changes accepted.docx |
| Description | Proposed Freeze Order_1679769 - all changes accepted |
| Document 2 ID | file://G:\-CASES\G-I\G\Genius Fund I, Inc. (9125)\Racioppi\pldgs-draft\alternative Proposed Freeze Order v1.docx |
| Description | alternative Proposed Freeze Order v1 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 3 |
| Deletions | 0 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 3 |
|---|---|