JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
MATTHEW E. SLOAN (SBN 165165)
matthew.sloan@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

*Attorneys for Defendants
Katerina Bosov,
Alltech Investments Ltd., and
Goldhawk Investments Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR., <br><br> Plaintiff, <br><br> v. <br><br> DMITRY BORISOVICH BOSOV, et al., <br><br> Defendants. | CASE NO.: 2:20-CV-03797-FMO-JC <br><br> **DEFENDANTS KATERINA BOSOV, ALLTECH INVESTMENTS LTD., AND GOLDHAWK INVESTMENTS LTD.'S PARTIAL OPPOSITION TO HELI HOLDINGS, LLC'S *EX PARTE* APPLICATION** <br><br> Complaint Filed:  April 24, 2020 <br> First Am. Compl. Filed:  May 21, 2020 <br> Judge: Hon. Jacqueline Chooljian <br> Courtroom:  750 |

**OPPOSITION TO *EX PARTE* APPLICATION**

Defendants Katerina Bosov, representative of the estate of Dmitry Borisovich Bosov, Alltech Investments Ltd. and Goldhawk Investments Ltd. (together, "Defendants"), respectfully submit this partial opposition to Heli Holdings, LLC's ("Heli Holdings") *Ex Parte* Application (ECF 153, the "Application"). Defendants oppose the Application to the extent it requests an order requiring Defendants or other parties to provide Heli Holdings with unrestricted access to a confidential settlement agreement Plaintiff entered into with Defendants and other parties ("Settlement Agreement"). Defendants take no position on the other relief sought by the Application.

"Ex parte motions are rarely justified. . . ." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). In this District, such motions are heavily disfavored, and may be granted only when the moving party shows, among other things, that it "is without fault in creating the crisis that requires ex parte relief." *See id.* at 492.

Here, Heli Holdings does not and cannot make this showing because Heli Holdings would have a copy of the Settlement Agreement right now if it had not made unreasonable and irrational demands. On December 1, 2020, the parties to the Settlement Agreement offered to provide Heli Holdings with a copy of the Settlement Agreement subject to a "Confidential" designation under this Court's model protective order. (*See* ECF 156, Carroll Decl. ¶ 5, at Page ID 2104.) The parties to the Settlement Agreement requested this commonplace protection because the Settlement Agreement has a confidentiality clause, and contains sensitive, nonpublic subject matter. *See, e.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("courts have granted protective orders to protect confidential settlement agreements"); *Peters v. Equifax Info. Servs. LLC*, No. EDCV-12-1837-TJH (OPx), 2013 WL 12169355, at *2-4 (C.D. Cal. Dec. 13, 2013) (denying motion to compel production of settlement agreement, and recognizing that because of the strong public

policy favoring settlement, parties seeking production of settlement agreements must make a "heightened showing" of need).

Heli Holdings has thus far rejected this offer for two reasons, neither of which have merit. *First*, Heli Holdings objects to the "attorneys' eyes only" designation available in this Court's model protective order. (*See* ECF 156, Carroll Decl. ¶¶ 5-6, at Page ID 2104.) However, the parties to the Settlement Agreement have told Heli Holdings that they will not designate the Settlement Agreement "attorneys' eyes only," making this objection moot. (*See id.* ¶ 7, at Page ID 2104.) Heli Holdings has not explained why it still views the model protective order as objectionable in light of this concession. (*Id.*)

*Second*, Heli Holdings has said that it will not agree to any restriction that would prevent Heli Holdings from using the Settlement Agreement outside of this litigation. (*See id.* ¶ 6, at Page ID 2104.) This objection is patently unreasonable, which is likely why Heli Holdings did not mention it in the Application, other than a passing reference in a footnote. (*See* 153, Application at Page ID 2014 n.1.) Heli Holdings does not need unfettered access to the Settlement Agreement to protect its rights in this lawsuit, and should not be permitted to abuse this Court's *ex parte* procedures to obtain the Settlement Agreement for use outside of this lawsuit. Moreover, Heli Holdings has not explained why it needs to use the Settlement Agreement outside of this lawsuit, and thus fails to justify the extraordinary relief it seeks from the Court.

Heli Holdings showed a lack of candor by bringing the Application without explaining to the Court why it refuses to accept a copy of the Settlement Agreement subject to standard confidentiality protections in this Court's model protective order. (*See* ECF 153, Application, at Page ID 2019 (stating that the parties to the Settlement Agreement have "refused to provide [the Agreement] unless Heli agrees to a restrictive protective order," but failing to explain what restrictions in the protective order Heli Holdings objects to); *id.* at Page ID 2014 n.1 (stating that the model protective order would be "prejudicial" to Heli Holdings without explaining how); ECF 153-1,

Malingagio Decl. ¶¶ 3-4, at Page ID 2023-24 (noting, but not explaining, Heli Holdings' objections).) The Court should not sanction this abuse of the Court's *ex parte* procedures by permitting Heli Holdings to have unrestricted access to a confidential Settlement Agreement, particularly since Heli Holdings has made no showing that it needs this extraordinary relief. The Court should deny the Application.

DATED: December 7, 2020

                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                   By:    */s/ Jason D. Russell*
                            JASON D. RUSSELL
                          Attorneys for Defendants
                          KATERINA BOSOV,
                          ALLTECH INVESTMENTS LTD., and
                          GOLDHAWK INVESTMENTS LTD.