1  BROWNE GEORGE ROSS
   O'BRIEN ANNAGUEY & ELLIS LLP
2  Thomas P. O'Brien (State Bar No. 166369)
3     tobrien@bgrfirm.com
   Jennie Wang VonCannon (State Bar No. 233392)
4     jvoncannon@bgrfirm.com
5  David J. Carroll (State Bar No. 291665)
      dcarroll@bgrfirm.com
6  Matthew O. Kussman (State Bar No. 313669)
7     mkussman@bgrfirm.com
   801 S. Figueroa Street, Suite 2000
8  Los Angeles, California 90017
9  Telephone: (213) 725-9800
   Facsimile: (213) 725-9808
10
11 Attorneys for Plaintiff
   Francis J. Racioppi, Jr.
12                    UNITED STATES DISTRICT COURT
13
                  CENTRAL DISTRICT OF CALIFORNIA
14

15 FRANCIS J. RACIOPPI, JR.,                Case No. 2:20-cv-03797-FMO (JCx)

16          Plaintiff,                      **PLAINTIFF'S OPPOSITION TO
                                            THIRD PARTY HELI HOLDINGS
17      vs.                                 LLC'S *EX PARTE* APPLICATION
                                            TO (1) CONTINUE THE HEARING
18                                          DATE ON PLAINTIFF'S
19 DMITRY BORISOVICH BOSOV *et              CONTEMPT MOTION BY AT
   al.*,                                    LEAST TWO WEEKS AND
20                                          (2) REQUIRE DISCLOSURE OF
            Defendants.                     PLAINTIFF'S SETTLEMENT
21                                          AGREEMENT**
22
23                                          Judge:  Hon. Jacqueline Chooljian
24
25                                          Trial Date:  October 5, 2021
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Third Party Heli Holdings LLC ("Heli") does not establish good cause for either continuing the hearing on Plaintiff Francis Racioppi Jr.'s Motion For Order Voiding Transfer of Assets Made in Violation of the Right to Attach Order and Other Relief ("Contempt Motion"), or requiring wholly unprotected disclosure of the confidential settlement agreement ("Settlement Agreement") to which Mr. Racioppi is a party.  Each of Heli's proffered justifications for its requests is contradicted by the facts, and Heli's request should be denied.[1]

First, Heli contends that Mr. Racioppi failed to meet and confer pursuant to Local Rule 7-3 regarding the Contempt Motion.  But as Heli's own *ex parte* application makes clear, this is simply not true.  Mr. Racioppi and Heli engaged in extensive meet and confer efforts for weeks—and even months—prior to the filing of the motion.  Moreover, to erase any doubt regarding the sufficiency of those prior conversations under Local Rule 7-3, Mr. Racioppi's counsel sent Heli a detailed meet and confer letter on November 27, 2020 regarding the Contempt Motion.

Second, Heli contends that the standard seven-day period it has been given to oppose the Contempt Motion is insufficient to prepare its response and investigate the facts.  But Heli ignores the fact that it has been aware of the contempt allegations since at least October 8, 2020, and thus has already had *months* to investigate those allegations and seek any relevant evidence.  Further, Heli in any event fails to identify a single fact requiring further investigation that would materially bear on whether it violated this Court's Right to Attach Order.

Third, Heli contends that it cannot file a timely opposition because it has been prejudiced by Mr. Racioppi's so-called refusal to provide it with the confidential

---

[1] Mr. Racioppi joins the opposition of Defendants Alltech Investment Ltd., Goldhawk Investment Ltd., and Katerina Bosov to Heli's *Ex Parte* Application.

1   Settlement Agreement.  Again, this is incorrect.  Mr. Racioppi and all other settling

2   parties have agreed to produce the Settlement Agreement to Heli under this Court's

3   standard protective order.  Heli's response was to demand that it be produced with

4   virtually no restriction, specifically so that Heli could use it in other litigation.  Heli

5   is not entitled to demand documents in this action for the purpose of using it in other

6   litigation—and such demands most certainly do not entitle Heli to a continuance of

7   the briefing schedule in *this* action.  For these reasons, Mr. Racioppi requests that

8   the Court deny Heli's *Ex Parte* Application in its entirety.

9   **II.     PROCEDURAL BACKGROUND**

10          As this Court is aware, the unlawful transfer of assets from various Genius

11   Fund Group defendants to Heli was first brought to Mr. Racioppi's attention on

12   Friday, October 2, 2020.  Declaration of David J. Carroll in Support of Plaintiff's

13   Notice of Motion and Motion for Order Voiding Transfer of Assets made in

14   Violation of the Right to Attach Order and Other Relief ("Carroll Transfer Decl.")

15   ¶ 2, ECF No. 155.  On Monday, October 5, 2020, Mr. Racioppi's counsel sent a

16   letter to counsel for both Heli and the Genius Fund Group demanding an immediate

17   explanation.  Declaration of David J. Carroll in Support of *Ex Parte* Application to

18   Certify Facts Constituting Contempt ("Carroll Contempt Decl.") ¶ 5, Ex. D, ECF

19   No. 90-2; Declaration of Thomas P. O'Brien in Support of *Ex Parte* Application to

20   Certify Facts Constituting Contempt ("O'Brien Decl.") ¶ 3, ECF No. 90-1.

21          Over the next three days, Mr. Racioppi's counsel engaged in extensive

22   discussions—including over a dozen telephone calls—with counsel for both Heli

23   and Joseph Ohayon and the Genius Fund Group in an attempt to informally resolve

24   this clear violation of the Right to Attach Order.  *Id.*  On October 8, 2020, after

25   those discussions failed to resolve the issue, Mr. Racioppi filed an *ex parte*

26   application seeking to hold all parties involved in the transfer of assets—including

27   Heli and Mr. Ohayon—in contempt of the Right to Attach Order, seeking contempt

28   sanctions that included fines and potential incarceration of the responsible parties.

1   ECF No. 90.  Heli and Mr. Ohayon filed an opposition, which include a declaration

2   from Mr. Ohayon and several exhibits.  ECF No. 102.

3          On October 14, 2020, this Court held a telephonic hearing on Mr. Racioppi's

4   contempt application.  *See* ECF No. 114.  After stating that there was a clear

5   violation of the Right to Attach Order, this Court ordered a freeze of the assets

6   subject to that order that were held by any party, including both Heli and Mr.

7   Ohayon.  *Id.*  At Mr. Racioppi's request, this Court continued the hearing on the

8   substantive contempt issues to November 14, 2020, so that the parties could attempt

9   to engage in further meet and confer efforts.  *Id.*

10          On October 20, 2020, Mr. Racioppi circulated a letter to all counsel—

11   including for Heli and Mr. Ohayon—with a proposed resolution.  Joint Status

12   Report at 2, ECF No. 137.  Given the myriad risks that Mr. Racioppi faced in

13   moving forward with the litigation—including the fact that ownership over the

14   assets intended to secure his claim was now subject to what appeared to be an

15   unresolvable dispute between Heli and the Genius Fund Group—Mr. Racioppi

16   elected to settle with the majority of the defendants in this action in a manner that

17   alleviated this risk to the greatest extent possible.[2]  On November 25, 2020, the

18   parties filed a joint report (but not joined by Heli or Mr. Ohayon) requesting that the

19   Court vacate all pending hearings on the prior contempt application and set a

20   briefing schedule for a new motion regarding any remaining contempt issues—

21   which provided the standard seven-day period for filing opposition papers in this

22   district.  *See* C.D. Cal. L.R. 6-1, 7-9.[3]  The Court subsequently adopted this briefing

23

24          [2] These risks and considerations are detailed in the Contempt Motion.  *See*
     ECF No. 155 at 8.

25

26          [3] Contrary to Heli's assertion, Mr. Racioppi has never requested that the
     hearing on this motion take place on January 25, 2021.  Rather, that is the date by

27   which Mr. Racioppi, Alltech Investments Ltd., Goldhawk Investments Ltd., and

28   Katerina Bosov agreed to provide a status report to the District Judge regarding the

PLAINTIFF'S OPPOSITION TO THIRD PARTY HELI HOLDINGS LLC'S *EX PARTE* APPLICATION

1   schedule.  ECF No. 148.  Although this Court also ordered that Mr. Racioppi's

2   motion should "address the impact any settlement agreement reached with some

3   parties may have on the attachment/other relief sought by [him]," it did not order

4   Mr. Racioppi either to file the settlement agreement or disclose it in any way.

5       On November 17, 2020, even though Heli and Mr. Racioppi had already

6   extensively discussed (and litigated) the contempt issues now before this Court, Mr.

7   Racioppi nonetheless sent another detailed meet and confer letter to counsel for Heli

8   and Mr. Ohayon regarding the relief Mr. Racioppi intended to seek in his upcoming

9   Contempt Motion pursuant to Local Rule 7-3.  *See* Notice of Errata: Dkt. 153-1

10  Declaration of Paul S. Malingagio ¶ 6, Ex. B; ECF No. 153 at 6 ("Since November

11  13, 2020, the parties and third parties Heli and Ohayon have engaged in discussions

12  with Plaintiff in an apparent attempt to resolve the apparent issues surrounding the

13  [contempt] application.").  Between November 30 and December 2, 2020, Mr.

14  Racioppi and Heli continued to engage in meet and confer efforts regarding Mr.

15  Racioppi's anticipated motion and other subsidiary issues related to that motion.

16  *See* Declaration of David J. Carroll in Support of *Ex Parte* Appl. For Leave to File

17  Under Seal and *In Camera*, ¶¶ 4-8, ECF No. 156; *see also* ECF No. 154 ¶ 6, Ex. A.

18  Despite these extensive discussions, the parties were unable to reach any agreement

19  on the issues that they discussed.

20  **III.   ARGUMENT**

21      Each of Heli's arguments as to why this Court must continue the opposition

22  deadline and hearing date on the Contempt Motion is without merit.  First, Heli's

23  claim that Mr. Racioppi did not meet and confer with Heli regarding the Contempt

24  Motion is simply false and belied by its own admissions: Heli itself states that the

25  parties engaged in extensive meet and confer efforts to resolve the contempt issues

26  beginning no later than November 13, 2020.  ECF No. 153 at 6.  Further, Heli's

27  _____

28  status of the parties' settlement.  ECF No. 144, 149.

counsel's own declaration attaches Mr. Racioppi's detailed November 27, 2020, meet and confer letter regarding the Contempt Motion, as well as the numerous follow-up emails on the same topic.[4]  ECF No. 154 ¶ 6, Exs. A-B.  On top of this, the parties have been discussing the issues raised in the Contempt Motion for *months*, and have even litigated the substantive contempt issues before this Court.  The parties have unfortunately been unable to reach resolution to date, but that does not mean they did not meet and confer.  Heli's current contention to the contrary is confounding.

Second, Heli's claim that it needs additional time to investigate and obtain relevant evidence to prepare its opposition also rings hollow.  The current briefing schedule set by the Court provides Heli with the standard seven-day period to oppose noticed motions in this district.  *See* Local Rules 6-1, 7-9.  Moreover, Heli's suggestion that it has been limited only to this seven-day window to obtain evidence is disingenuous.  Once again, Heli has been aware of the issues related to the Contempt Motion since, at the latest, October 8, 2020, when Mr. Racioppi filed the first contempt application, which Heli previously opposed.  Those issues were never resolved or withdrawn; rather, the hearing on those issues was simply continued, and it is exactly those same issues that have now simply been rebriefed.  Thus, by the opposition due date, Heli will have had *months*—not seven days—to investigate the facts and evidence related to its violation of the Right to Attach Order.[5]

Moreover, Heli has not identified a single material fact that is genuinely in dispute and requires further investigation; instead, it simply makes vague assertions

---

[4] In addition, the emails confirm that the parties also met and conferred via telephone over the same period.

[5] To the extent the Contempt Motion raises any issues not raised in the contempt application, these relate merely to the requested relief—not the underlying facts supporting the violation of the order.  *See* ECF Nos. 90, 155.  These legal issues do not require any additional fact investigation.

1  that it needs to "obtain necessary documents and materials." *Ex Parte* Appl. at 4,

2  ECF No. 153.  The only two facts relevant to the Contempt Motion—(1) that Mr.

3  Ohayan knew about the Right to Attach Order before the Ohayan-Shinder

4  Agreement and (2) despite this, the Ohayon-Shinder Agreement improperly

5  transferred assets subject to the Right to Attach Order—are undisputed; Mr. Ohayon

6  has already admitted both.  *See* Third Parties Joseph Ohayon and Heli Holdings,

7  LLC's Opposition to Plaintiff's Application to Certify Facts Constituting Contempt,

8  To Set An Order To Show Cause Hearing Re: Contempt And For Other Relief, ECF

9  No. 102 at 3 ("HELI was aware that the court had already ruled on the Application

10  for the Right to Attach order, and the substance of the ruling.").  There is nothing

11  else that requires investigation or discovery from any source other than Heli itself—

12  and, again, even if there were, there is no reason why that could not have happened

13  in the past seven weeks.  Thus, there is no reason for delay and there are no due

14  process concerns with proceeding on schedule.  As explained in *Hoffman et al. v.*

15  *Beer Drivers & Salesmen's*, cited by Heli in its application, a court "may in a

16  contempt proceeding narrow the issues by requiring that affidavits on file be

17  controverted by counter-affidavits and may thereafter treat as true the facts set forth

18  in uncontroverted affidavits."  536 F.2d 1268, 1277 (9th Cir. 1976) (district court's

19  decision not to hold full-blown evidentiary hearing did not violate due process).

20  Thus, "where, as here, the affidavits offered in support of a finding of contempt are

21  uncontroverted, [the Ninth Circuit] has held that a district court's decision not to

22  hold a full-blown evidentiary hearing does not violate due process."  *Peterson v.*

23  *Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998).

24       Third, Heli's contention that Mr. Racioppi's purported "refusal to provide

25  Heli with the [Settlement Agreement], despite this Court's order, prejudices Heli's

26  ability to oppose a motion" is specious at best.  The parties to the confidential

27  Settlement Agreement have already agreed to provide Heli with the Settlement

28  Agreement under this Court's model protective order—and they even agreed not to

PLAINTIFF'S OPPOSITION TO THIRD PARTY HELI HOLDINGS LLC'S *EX PARTE* APPLICATION

1  designate the Settlement Agreement as attorneys'-eyes-only.  ECF No. 153 at 4 n.1.

2  Heli fails to explain—and Mr. Racioppi fails to see—how these restrictions

3  prejudice Heli in any way in preparing its opposition.  In reality, Heli's true motive

4  for resisting these restrictions is that "the settlement agreement and related

5  documents most likely will impact other matters and litigation involving some or all

6  of the parties. . . ."  ECF No. 154 ¶ 6, Ex. A at 3.  But Heli's desire to leverage the

7  Settlement Agreement for its own gain is no reason to continue the contempt

8  hearing in *this* case so that Heli can continue pushing to obtain confidential

9  documents (to which they would not otherwise be entitled) for use in *other* potential

10  litigation.  In sum, Heli has not shown good cause for continuing the current briefing

11  and hearing schedule set by the Court.

12  **IV.   CONCLUSION**

13       For the foregoing reasons, Mr. Racioppi respectfully requests that the Court

14  deny any continuance of the briefing and hearing schedule for the Contempt Motion.

15  Mr. Racioppi further requests that the Court deny unrestricted disclosure of the

16  Settlement Agreement.

17

18  DATED:  December 7, 2020          Respectfully submitted,

19                                    BROWNE GEORGE ROSS

20                                    O'BRIEN ANNAGUEY & ELLIS LLP
                                          Thomas P. O'Brien
21                                        Jennie Wang VonCannon
                                          David J. Carroll
22                                        Matthew O. Kussman

23

24

25                                    By:  ____/s/ Thomas P. O'Brien____
                                              Thomas P. O'Brien
26                                    Attorneys for Plaintiff Francis J. Racioppi, Jr.

27

28

PLAINTIFF'S OPPOSITION TO THIRD PARTY HELI HOLDINGS LLC'S *EX PARTE* APPLICATION