SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. MALINGAGIO, Cal. Bar No. 90451
ALAN M. FELD, Cal. Bar No. 155345
SARAH A. K. BLITZ, Cal. Bar No. 280118
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:    213-620-1780
Facsimile:     213-620-1398
Email: pmalingagio@sheppardmullin.com
       afeld@sheppardmullin.com
       sblitz@sheppardmullin.com

Attorneys for Third Party
HELI HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DMITRY BORISOVICH BOSOV, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-03797-FMO (JCx)<br><br>**NON-PARTY HELI HOLDINGS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE EXHIBIT UNDER SEAL AND IN CAMERA**<br><br>Judge:　　Hon. Jacqueline Chooljian<br><br>Trial Date: October 5, 2021 |

    Non-Party Heli Holdings LLC ("Heli") hereby opposes the ex parte application of Plaintiff Francis J. Racioppi ("Plaintiff") to file his settlement agreement under seal and to limit disclosure only to this Court's in camera review [Doc. 156], because it is contrary to this Court's order of November 28, 2020 and violates Heli's due process rights.  For similar and related issues, on Friday, December 4, 2020, Heli filed its Ex Parte Application to (1) Continue the Hearing on Plaintiff Racioppi's Contempt Motion by at Least Two Weeks, and (2) Require Disclosure of Racioppi's purported Settlement Agreement [Doc. 153].  Heli incorporates by reference its Ex Parte Application.

    This Court issued its November 28 Order [Doc. 148], setting a briefing and hearing schedule on Plaintiff's anticipated motion for contempt, with the motion to be filed on December 4, opposition to be filed on December 11, and the hearing set for January 6, 2021.  Plaintiff had already stated that he was entering into a settlement agreement regarding this pending attachment and contempt issue with several defendants other than Heli ("Settlement Agreement").  Accordingly, the November 28 Order also directed that: "Such Motion must address the impact any settlement agreement reached with some parties may have on the attachment/other relief sought by Plaintiff.  For example, to the extent any such settlement results in Plaintiff's recoupment of amount(s) which may alter Plaintiff's damages/the sum appropriate for attachment/freezing relative to the non-settling parties/interested third parties, Plaintiff must address such issue."

    However, Plaintiff's motion fails to describe the terms of the settlement in any detail so Heli and this Court can understand how it might affect the attachment and other relief Plaintiff seeks.  Plaintiff's motion refers to two payments, but fails to state the amounts or the terms – or the impact of those payments on the portion of Plaintiff's claims that it may be entitled to secure at this time.  [See Doc. 156, pages 2:6-14 and 8:28-9:7] Further, Plaintiff has refused to provide Heli with a copy of the Settlement Agreement. Moreover, Plaintiff's ex parte application seeks court approval to limit disclosure to the Court's in camera review and thus hide the Settlement Agreement and its terms from Heli. Granting of Plaintiff's application on sealing and in camera review will prevent Heli from

being able to adequately defend itself in opposition to Plaintiff's contempt motion and would be a denial of due process, as more fully stated in Heli's ex parte application for a continuance and disclosure of the Settlement Agreement [Doc. 153].  Simply put, Heli needs to analyze the terms of the Settlement Agreement to understand how it affects the attachment and contempt issues, and then present its defense to the Court.

Plaintiff cites *Peters v. Equifax*, 2013 WL 12169355, at *3 as an example where the court prohibited disclosure of a settlement agreement to non-settling parties. [*See* Doc. 156, page 1:21].  But that case stands for three narrow points, none of which matter here.  The court found "[a]ny issue of double recovery or excess recovery [for damages] can be resolved post-trial."  "As for the issue of credibility of Plaintiff, his expert, or the other Defendants who may be called as witnesses, that issue can also be resolved by an in camera review of the settlement agreements at trial, if needed." *Id*.  Finally, the court found no authority that disclosure of settlement agreements "are relevant to permit the parties to properly evaluate potential exposure and settlement." *Id.*  And while *Peters* focuses largely on exposure to monetary damages, Heli has a due process need to evaluate its exposure for contempt, which is quasi-criminal in nature.  This need is even greater since Heli is not a party to this lawsuit.

Plaintiff fails to show good cause for the extraordinary relief of limiting this essential document to in camera review only by the Court, and the purported reasons advanced by Plaintiff all fail:

1. The Settlement Agreement includes a confidentiality provision – But, Plaintiff, and the other parties, knew full well that the settlement would affect the attachment and contempt issues and knew that Heli would have a right to see the agreement.  This is a pre-meditated attempt to impede Heli's rights.

2. Public disclosure would be an admission of wrongdoing by the settling defendants – but, the public already knows there is a settlement, so that "cat is out of the bag."  And, all settlement agreements contain a provision providing for no admission by any party.  In any event, disclosure to Heli will not affect this issue.

3. Disclosure of financial terms would allow non-parties to leverage the information in disputes with defendants – but, this excuse is extraordinarily vague, and nonparties including Heli that have related disputes with the defendants have a right to see the settlement agreement as it most certainly will affect those claims. Further, this shows that Plaintiff and the settling defendants are seeking to violate the November 28 Order [Doc. 148] by not disclosing to Heli the terms of the settlement. Both Heli and this court must be suspect of the terms if the settling parties seek to keep them secret.

Plaintiff argues that Heli should have agreed to a protective order as a condition precedent to receiving the Settlement Agreement, an argument flawed for several reasons. First, assuming the Settlement Agreement is entitled to any protection at all, which Heli disputes, a court order is not needed, and a simple contractual non-disclosure agreement would be sufficient – pursuant to which the document could be disclosed to Heli and filed under seal. Second, and nonetheless, to advance things and obtain the Settlement Agreement, Heli agreed to enter into a stipulation for a protective order, as long as it did not contain an Attorneys Eyes Only provision and did not limit use of the document only to this litigation because such provision would prejudice Heli. Plaintiff refused to eliminate these two provisions.

Plaintiff argues that he will not designate the Settlement Agreement as Attorneys Eyes only. If so, then why does Plaintiff need it? He says there might be other documents that Plaintiff thinks should be Attorneys Eyes Only and not be disclosed to Heli as counsel's client – but, what documents and why? There is no need for the drastic measure of Attorneys Eyes Only, and by agreeing to it, Heli is setting the stage for concealment of other documents that it might need to see for its defense. Further, the notion that Heli could file a motion to downgrade such documents to Confidential is of little help in a proceeding that is moving so fast with a Plaintiff who refused to agree to a two week extension.

Heli cannot agree to limit use of the Settlement Agreement to only this case. As the Court is aware, there is other litigation pending between Heli and the other

-4-

1  defendants, and the Settlement Agreement most certainly will affect the parties' rights in
2  that other litigation.  In fact it appears that the very essence of the settlement agreement
3  may be to convey some material advantage to the other defendants in pending state court
4  litigation against Heli.  It would prejudice Heli if there were a Federal Court order limiting
5  the use of the Settlement Agreement.  Heli cannot help but wonder as to what Plaintiff and
6  the defendants are trying to conceal with this settlement.

7  Accordingly, Heli Holdings requests that Plaintiff's ex parte application be
8  denied, and further requests that the Court order disclosure forthwith of the complete
9  Settlement Agreement and extend the briefing schedule on the motion for contempt so Heli
10 Holdings can adequately present its defense.

14 DATED:  December 7, 2020

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By   */s/ Paul S. Malingagio*
PAUL S. MALINGAGIO
ALAN M. FELD
SARAH A. K. BLITZ

Attorneys for Third Party
HELI HOLDINGS, LLC