UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03797-FMO-JC | Date | December 8, 2020 |
|---|---|---|---|
| Title | Francis J. Racioppi, Jr. v. Dmitry Borisovich Bosov, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants/Interested Third Parties: | |
| None | None | |

**Proceedings:**       (IN CHAMBERS)

**ORDER (1) RE PROTECTIVE ORDER; (2) GRANTING IN PART AND DENYING IN PART THIRD PARTY HELI HOLDINGS, LLC'S EX PARTE APPLICATION (DOCKET NO. 153); AND (3) GRANTING IN PART AND DENYING IN PART AS MOOT PLAINTIFF'S EX PARTE APPLICATION (DOCKET NO. 156)**

Pending before the Court and addressed herein are (1) Third Party Heli Holdings, LLC's (Heli") Ex Parte Application to Continue the Hearing Date on Plaintiff Racioppi's Motion and Require Disclosure of Settlement Agreement (Docket Nos. 153-54) ("Heli's Application"), which multiple parties/interested third parties at least partially oppose (Docket Nos. 157-59); and (2) Plaintiff's Ex Parte Application for Leave to File Exhibit Under Seal and In Camera (Docket No. 156) ("Plaintiff's Application"), which Heli Holdings, LLC opposes (Docket No. 160).

First, as the parties/interested third parties appear to some degree to disagree as to the meaning of certain language in the Court's November 28, 2020 Modified Order Setting Briefing Schedule and Hearing on Motion (Docket No. 148), the Court clarifies that nothing in such order necessarily required Plaintiff to disclose the substance/terms of the referenced confidential settlement agreement. The Court merely wanted to ensure that to the extent the referenced confidential settlement agreement impacted the proceedings before it, that such matter was addressed. The Court contemplated that to the extent disclosure of the terms thereof was necessary for the Court to make such an assessment, Plaintiff would take appropriate measures to preserve its confidentiality.

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03797-FMO-JC | Date | December 8, 2020 |
|---|---|---|---|
| Title | Francis J. Racioppi, Jr. v. Dmitry Borisovich Bosov, et al. | | |

Second, contrary to the position taken by Heli, the Court views the measures taken by Plaintiff to preserve the confidentiality of the referenced settlement agreement to be entirely reasonable and appropriate. More specifically, the Court views disclosure of such agreement to Heli pursuant to a two-tier protective order (Confidential/Attorneys' Eyes Only (AEO)) with a Confidential[1] designation for use solely in this action (with provisions to enable persons bound thereby to challenge Confidential/AEO designations and to seek modification thereof from the Court if appropriate) to be warranted, concurrently issues such a Protective Order (a slightly modified version of the Court's standard two-tier protective order), and directs Plaintiff forthwith to produce the settlement agreement to Heli with a Confidential designation pursuant to the Protective Order. Disclosure of the confidential settlement agreement under the Protective Order does not prejudice Heli. To the contrary, it enables such entity to access the confidential settlement agreement and to assess whether/the degree to which it impacts the instant proceedings involving such entity. Moreover, even if, as Heli currently suspects, the agreement might impact other related proceedings, Heli will now have a more concrete basis to engage in a meaningful meet and confer regarding the same and nothing in the Protective Order prohibits it from seeking a modification if the necessity therefor can actually be demonstrated. Similarly, to the extent Heli expresses concern regarding other documents being designated AEO, the Protective Order affords a mechanism for challenging such designation and does not preclude Heli from doing so on an expedited basis if an appropriate showing can be made.

Third, while the Court sees no need to afford Heli additional time to obtain discovery (aside from the confidential settlement agreement itself) in order to respond to Plaintiff's pending Motion for Order Voiding Transfer of Assets [etc.] ("Plaintiff's Motion") by the current December 11, 2020 deadline, it allows that an analysis of whether/how such agreement impacts the manner in which it may wish to proceed in this matter may take more than the remaining few days left for it to file its opposition. Having said that, the Court does not wish to modify the current hearing date at this juncture as delaying a decision in this matter may impact the rights of one or more other parties. Accordingly, as detailed below, the Court adjusts the briefing schedule somewhat in a manner that should not prejudice any party.

In light of the foregoing, IT IS HEREBY ORDERED:

1.     Plaintiff shall **forthwith** provide Heli with a copy of the confidential settlement agreement pursuant to the concurrently issued Protective Order. Plaintiff may designate such document as "Confidential," but may not designate it as AEO.

2.     Heli's Ex Parte Application is granted in part and denied in part. To the extent it requests that the Court require Plaintiff to produce the confidential settlement agreement to Heli on terms inconsistent with the concurrently issued Protective Order, it is denied. To the extent it requests a

---

[1] All parties to the confidential settlement agreement have apparently consented to the production thereof to Heli Holdings, LLC with a "Confidential" – not an AEO – designation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03797-FMO-JC | Date | December 8, 2020 |
|---|---|---|---|
| Title | Francis J. Racioppi, Jr. v. Dmitry Borisovich Bosov, et al. | | |

modification of the hearing date, it is denied.  To the extent it requests a modification of the briefing schedule on Plaintiff's Motion, it is granted in part.  Heli's deadline to file an opposition to Plaintiff's Motion is extended to **December 18, 2020**.  Plaintiff's deadline to file any reply is **December 30, 2020**.  Absent further order of the Court, Plaintiff's Motion remains set for telephonic hearing on **January 6, 2020 at 1:30 p.m.**

    3.     Plaintiff's Ex Parte Application is granted in part and denied in part as moot.  To the extent it requests that the confidential settlement agreement be filed under seal, it is granted.  To the extent it requests that such agreement also be filed in camera, it is moot – as the Protective Order and order to produce the same to Heli pursuant thereto render it unnecessary for such document to provided to the Court in camera – and is denied as such.

    IT IS SO ORDERED.