David B. Golubchik (SBN 185520)
Kurt Ramlo (SBN 166856)
LEVENE, NEALE, BENDER,
  YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: DBG@LNBYB.com; KR@LNBYB.com

Attorneys for Defendants Gary I. Shinder;
ESSMW – Earth Solar System Milky Way, LLC;
Heli Biotech LLC; Dr. Kush World Collective
LLC; Eagle Rock Herbal Collective LLC; Genius
Products LLC; Full Circle Labs LLC; Nature's
Holiday LLC; Variant Hemp Solutions LLC;
Planck Properties LLC; and Aristotle Equipment
LLC; and for Third Party Genius Fund I ABC,
LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS J. RACIOPPI, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>DMITRY BORISOVICH BOSOV, et al.,<br><br>Defendants. | Case No. 2:20-cv-03797-FMO (JCx)<br><br>**Memorandum of Points and Authorities in Support of Levene, Neale, Bender, Yoo & Brill L.L.P., David B. Golubchik, and Kurt Ramlo's Motion to Withdraw as Counsel for Defendants Gary I. Shinder; ESSMW – Earth Solar System Milky Way, LLC; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Planck Properties LLC; and Aristotle Equipment LLC**<br><br>Hearing:<br>Date:  March 4, 2021<br>Time:  10:00 a.m.<br>Courtroom:  6D<br><br>United States District Judge<br>Hon. Fernando M. Olquin<br><br>Trial Date:  October 5, 2021 |

Levene, Neale, Bender, Yoo & Brill L.L.P., David B. Golubchik, and Kurt Ramlo (collectively, "**Levene Neale**") provide the following memorandum of points and authorities in support of their motion to withdraw as counsel for Defendants Gary I. Shinder; ESSMW – Earth Solar System Milky Way, LLC; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Planck Properties LLC; and Aristotle Equipment LLC.

## INTRODUCTION

Levene Neale currently represents three groups of defendants.  During the pendency of this action, Defendants Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Full Circle Labs LLC; Nature's Holiday LLC; Planck Properties LLC; and Aristotle Equipment LLC (the "**ABC Defendants**") invoked a California insolvency procedure by which they assigned all of their assets to an assignee for the benefit of creditors (i.e., third party Genius Fund I ABC, LLC, the "**Assignee**").  The second set is comprised of Defendants Genius Products LLC and Variant Hemp Solutions LLC (the "**Holding Company Defendants**"), which are empty shells that have no assets except for their ownership of other entities that either have no assets or have assigned their assets to the Assignee.

The final set constitutes Gary I. Shinder and his affiliate, ESSMW – Earth Solar System Milky Way, LLC ("**Earth Solar**," together with Shinder, the "**Shinder Defendants**").  Plaintiff has alleged that that Shinder caused other defendants previously and currently represented by Levene Neale to transfer assets in alleged violation of this Court's right to attach order.  Upon learning of these allegations, Levene Neale advised all defendants it represented that an actual conflict of interest had arisen, that Levene Neale could no longer continue representing any of the defendants, and that each of those defendants needed to obtain new counsel.

Seven of the defendants obtained new counsel, who substituted in with

1

Court approval.   Although there has been some discussion, even a signed substitution of attorneys, that those defendants other than the Shinder Defendants had also obtained new counsel, no substitution of counsel ever materialized.   The Shinder Defendants have not responded to Levene Neale nor has any counsel contacted Levene Neale about substituting in for the Shinder Defendants.   Their lack of communication constitutes a secondary ground for withdrawal.

Good cause exists to grant leave for Levene Neale to withdraw, as an actual conflict of interest prevents Levene Neale from continuing to represent any of the defendants.   The Motion should be granted.

## BACKGROUND

On May 5, 2020, Levene Neale entered an appearance by filing a preliminary opposition to Plaintiff's ex parte application for a right to attach order on behalf of Defendants Gary I. Shinder; Genius Fund I, Inc.; Genius Fund I, LLC; Earth Solar; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Genius Delivery LLC; Planck Properties LLC; Aristotle Equipment LLC; Genius Sales LLC; Genius Products T, Inc.; Genius Products NT, Inc. ; and Genius Products, Inc.  (D.E. 15; Golubchik Decl. ¶ 2.)

Plaintiff alleges in an application seeking contempt remedies that in July 2020, Shinder caused "numerous defendants," including Defendant Planck Properties, Dr. Kush World Collective LLC, Eagle Rock Herbal Collective LLC, Aristotle Equipment LLC, and Genius Fund I, Inc., to transfer and agree to transfer various assets in violation of the right to attach order (D.E. 47, the "**Order**"). (D.E. 90, at 6:11-14, 7:13-20, the "**Application**".)  Former Levene Neale clients Defendants Genius Fund I, Inc., Genius Fund I, LLC, Genius Delivery LLC, Genius Sales LLC, Genius Products T, Inc., and Genius Products NT, Inc. allege through subsequent counsel in a partial opposition and partial joinder to the

Application that Shinder willfully and knowingly violated the Order by entering into sham transactions.  (D.E. 100, at 1:14-17, the "**Joinder**"; Golubchik Decl. ¶ 3.)

On or about September 25, 2020, the ABC Defendants assigned all of their assets to the Assignee, to be liquidated for the benefit of their creditors (such as Plaintiff) under California common law.  (Golubchik Decl. ¶ 4.)  *See Bumb v. Bennett*, 51 Cal.2d 294, 333 P.2d 23 (1958).  The ABC Defendants and the Holding Company Defendants have no ability to pay their legal fees for this or any other action.  (Golubchik Decl. ¶ 11.)  As explained below, Levene Neale most importantly cannot continue to represent these defendants due to an actual conflict of interest.

After learning of the allegations about the July transactions, Levene Neale advised all of its defendant clients that an actual conflict of interest had arisen, that Levene Neale could no longer continue representing any of the defendants, and that each of those defendants needed to obtain new counsel.  (Golubchik Decl. ¶ 5.)  Shortly afterward, new counsel substituted in for Defendants Genius Fund I, Inc., Genius Fund I, LLC, Genius Delivery LLC, Genius Sales LLC, Genius Products T, Inc., Genius Products NT, Inc., and Genius Products, Inc.  (D.E. 104, entered October 13, 2020.)  (Golubchik Decl. ¶ 7.)

There have been discussions, even a signed substitution of attorneys, about new counsel for Defendants Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Planck Properties LLC; and Aristotle Equipment LLC, but disputes about the persons entitled to manage those defendants have resulted in no new counsel for them.  (Golubchik Decl. ¶¶ 8, 10.)

After receiving the Application and Joinder, Levene Neale delivered them to Shinder and Earth Solar by those methods customarily used by Levene Neale to communicate with them, and by delivering copies to each by mail and overnight

delivery.  Levene Neale has received no response to its communications to Shinder and Earth Solar.  (Golubchik Decl. ¶ 12.)

## ARGUMENT

### A.      Good cause exists to grant Levene Neale's motion to withdraw.

A motion for leave to withdraw "must be supported by good cause."  Local Rule 83-2.3.2.  "Federal courts generally look to the applicable state rules of professional conduct to determine what constitutes adequate grounds for withdrawal."  *Nolan v City of Los Angeles*, 2012 WL 12931720, at *2 (C.D.Cal. Oct. 18, 2012).  Local Rule 83-3.1.2 requires that attorneys "comply with the standards of professional conduct of … the Rules of Professional Conduct of the State Bar of California."

Although "[d]istrict courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances," courts generally consider: "'(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'"  *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *1 (C.D.Cal. Oct. 8, 2019).  All four factors favor a finding of good cause for withdrawal here.

#### *(1)      An actual conflict of interest prevents Levene Neale from representing any defendant.*

##### *i.  The conflict is non-waivable and withdrawal is mandatory.*

The termination of Levene Neale's representation of the defendants is mandatory because a conflict of interest has arisen among them and with Levene Neale's former clients, and the conflict is not subject to client waiver.  Absent informed written consent from all clients, an attorney cannot continue to represent a client if the representation is directly adverse to another client in the same matter.  *See* CAL. RULES OF PROFESSIONAL CONDUCT 1.7(a) ("A lawyer shall not, without

4

1   informed written consent from each client and compliance with paragraph (d),

2   represent a client if the representation is directly adverse to another client in the

3   same or a separate matter").  The conflict issues remain even where adverse clients

4   obtain new counsel when the attorney's representation will be materially limited by

5   the attorney's duty to the former clients.  *See* CAL. RULES OF PROFESSIONAL

6   CONDUCT 1.7(a) ("A lawyer shall not, without informed written consent from each

7   affected client and compliance with paragraph (d), represent a client if there is a

8   significant risk the lawyer's representation of the client will be materially limited

9   by the lawyer's responsibilities to or relationships with . . . a former client . . . .");

10  *see also* CAL. RULES OF PROFESSIONAL CONDUCT 1.9(a) ("(a) A lawyer who has

11  formerly represented a client in a matter shall not thereafter represent another

12  person in the same or a substantially related matter in which that person's interests

13  are materially adverse to the interests of the former client unless the former client

14  gives informed written consent").

15          Even where all clients would otherwise be willing to give informed written

16  consent, the attorney cannot continue unless the attorney "reasonably believes that

17  the lawyer will be able to provide competent and diligent representation to each

18  affected client."  CAL. RULES OF PROFESSIONAL CONDUCT 1.7(d)(1).  Such a

19  conflict is non-waivable.  Levene Neale does not believe that it can continue to

20  provide competent and diligent representation to its current clients due to the

21  conflicts between them and due to Levene Neale's duties of confidentiality and

22  loyalty to its former and current clients in this action.  (Golubchik Decl. ¶¶ 5, 9.)

23  An attorney must withdraw when the attorney knows or reasonably should know

24  that the continued representation will violate the Rules of Professional Conduct or

25  the State Bar Act.  *See* CAL. RULES OF PROFESSIONAL CONDUCT 1.16(a)(2).

26          Plaintiff alleges that Defendant Shinder caused current and former clients of

27  Levene Neale to transfer assets in violation of the Order, and former clients allege

28  that those alleged transfers constitute sham transactions entered into by Shinder.

Levene Neale cannot represent any of its current or former clients in this situation. Levene Neale cannot comply with the California Professional Rules of Conduct while continuing to represent any of these defendants.  (Golubchik Decl. ¶ 9.) Withdrawal is the only remedy.

> ### ii.   Permissive grounds for withdrawal are also present.

The Shinder Defendants have ceased all communications with Levene Neale despite repeated attempts to discuss their retention of new counsel.  (Golubchik Decl. ¶¶ 6, 12.)  The inability to communicate with those defendants also supports withdrawal.  *See* CAL. RULES OF PROFESSIONAL CONDUCT 1.16(b)(4).

There is an actual dispute among various parties about who is entitled to manage and control the other remaining defendants, i.e., the ABC Defendants and the Holding Company Defendants.  These unresolved disputes would make it impossible to represent those defendants, even if the conflicts arising from July 2020 allegations were not present.  (Golubchik Decl. ¶ 10.)  *See* CAL. RULES OF PROFESSIONAL CONDUCT 1.16(b)(4) (conduct of client renders it unreasonably difficult for attorney to carry out representation effectively).

(Levene Neale also notes that the clients other than the Shinder Defendants, given their lack of assets, have no ability to pay for Levene Neale's services, as promised in their engagement of Levene Neale.  (Golubchik Decl. ¶ 11.)  This constitutes a permissive ground for withdrawal.  *See* CAL. RULES OF PROFESSIONAL CONDUCT 1.16(b)(5) (material breach of fee agreement).)

> ### (2)   *No prejudice will result from Levene Neale's withdrawal.*

There can be no prejudice when the professional rules of conduct mandate an attorney's withdrawal.  Nevertheless, there is no actual prejudice the other parties or Levene Neale's client defendants.

As explained further below, there would be no prejudice to Plaintiff or the other defendants.

The Shinder Defendants have had ample time to arrange for substitution

counsel, and withdrawal will not prejudice them.

The other defendants, of course, could not participate in the action after Levene Neale's withdrawal unless and until an attorney appears on their behalf. That would likely occur after the disputes over their management and control are resolved, which have been placed at issued by other parties to this action and third parties Heli Holdings, LLC and Joseph Ohayon, all represented by counsel. Nevertheless, all of Levene Neale's organization clients have been advised of the consequences of their inability to represent themselves in this action if Levene Neale were permitted to withdraw. (Golubchik Decl. ¶ 13.) Thus, there is no undue prejudice to these defendants from Levene Neale's withdrawal given the ample time they have received to obtain new counsel.

### (3) *Withdrawal will cause no harm to the administration of justice or delay the resolution of the case.*

The only matters are issue in the case are: (1) the motion to compel arbitration filed by Levene Neale's current and former clients (D.E. 53), which has been taken under submission and requires no further action at this time; (2) the motion to compel arbitration filed by Defendants Katerina Bosov, Alltech Investments Ltd., and Goldhawk Investments Ltd. (D.E. 123), which has been temporarily stayed by stipulated order, and (3) the Application. The latter seeks relief against Shinder, but Levene Neale's withdrawal will not prevent Shinder from obtaining new counsel or representing himself in the matter.

To date, the case has been focused on the provisional remedies of attachment and the issues arising from the alleged July 2020 transfers. As result, no party has served any discovery requests or deposition notices. Levene Neale's withdrawal will not harm the administration of the case or delay its resolution. Levene Neale, of course, will ensure that each defendant receives notice of the withdrawal in accordance with this Court's order and will ensure an orderly transition to new counsel or to Shinder, the only client authorized to represent himself if he so

choses.

**B.      Levene Neale has advised its organization clients of the consequences of not obtaining new counsel.**

L.R. 83-2.3.4 requires attorneys seeking leave to withdraw to advise organizations in writing of the consequences of their inability to appear pro se. Levene Neale has advised its organization clients in writing that they cannot represent themselves, that they must be represented by an attorney, and that their inability to represent themselves or their failure to obtain new counsel by any deadline set by the Court may result in the striking of their pleadings (i.e., their pending motion to compel arbitration) and the entry of a default and a default judgment against them.  (Golubchik Decl. ¶ 13.)

## CONCLUSION

Good cause exists to grant leave to Levene Neale to withdraw from the case.

Dated: February 4, 2021   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By:   */s/ David b. Golubchik*
          DAVID B. GOLUBCHIK
          KURT RAMLO
Attorneys for Defendants Gary I. Shinder; ESSMW – Earth Solar System Milky Way, LLC; Heli Biotech LLC; Dr. Kush World Collective LLC; Eagle Rock Herbal Collective LLC; Genius Products LLC; Full Circle Labs LLC; Nature's Holiday LLC; Variant Hemp Solutions LLC; Planck Properties LLC; and Aristotle Equipment LLC; and for Third Party Genius Fund I ABC, LLC