UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03797-FMO-JC | Date | March 12, 2021 |
|---|---|---|---|
| Title | Francis J. Racioppi, Jr. v. Dmitry Borisovich Bosov, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS)

**ORDER (1) DENYING THIRD PARTY HELI HOLDINGS LLC'S EX PARTE APPLICATION WITHOUT PREJUDICE (DOCKET NO. 183); (2) GRANTING THIRD PARTY HELI HOLDINGS LLC'S REQUEST FOR JUDICIAL NOTICE (DOCKET NO. 183-3); (3) SUSTAINING IN PART AND OVERRULING IN PART EVIDENTIARY OBJECTIONS (DOCKET NO. 184-2); AND (4) DIRECTING PARTIES TO MEET AND CONFER FORTHWITH**

Pending before the Court and addressed herein is Third Party Heli Holdings, LLC's ("Applicant") Ex Parte Application for Order Authorizing Heli Holdings to Submit Renewal Paperwork to the City of Los Angeles to Maintain Licenses ("Ex Parte Application") and a Request for Judicial Notice, filed on March 9, 2021.[1] (Docket No. 183). On March 10, 2021, Defendants Genius Fund I Inc., Genius Fund I LLC, Genius Delivery LLC, Genius Sales LLC, Genius Products T Inc., Genius Products NT Inc., and Genius Products Inc. (collectively "Genius Defendants") filed an Opposition to the Ex Parte Application ("Opposition") and Objections to the Declaration of Joseph Ohayon ("Objections").[2] (Docket No. 184). Joinders to the Opposition have been filed by Defendants Katerina Bosov, Alltech Investments Ltd., and Goldhawk Investments, Ltd. and by Third Party Genius Fund I ABC, LLC. (Docket Nos. 185, 186). On March 11, 2021, the Applicant filed a Reply.[3]

---

[1] The Ex Parte Application is supported by a Memorandum of Points and Authorities, a Declaration of Joseph Ohayon, a Declaration of Sarah A.K. Blitz with exhibits, and Ordinance 186819 (amending Sections 104.03, 104.06.1, and 104.12 of Article 4 of Chapter X of the Los Angeles Municipal Code relating to renewal applications for commercial cannabis businesses) as to which judicial notice has been requested.

[2] The Opposition is supported by a Declaration of A. Alexander Lowder.

[3] The Reply is supported by a Supplemental Declaration of Joseph Ohayon and an exhibit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03797-FMO-JC | Date | March 12, 2021 |
|---|---|---|---|
| Title | Francis J. Racioppi, Jr. v. Dmitry Borisovich Bosov, et al. | | |

First, the Applicant's Request for Judicial Notice – which asks that the Court take judicial notice of Ordinance 186819 (amending Sections 104.03, 104.06.1, and 104.12 of Article 4 of Chapter X of the Los Angeles Municipal Code relating to renewal applications for commercial cannabis businesses) and appears to be unopposed is granted.  See Fed. R. Evid. 201; Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of municipal ordinances).

Second, the Objections to the Declaration of Joseph Ohayon are sustained in part and overruled in part.  Objection No. 1 to Paragraph 3 of such declaration – a hearsay objection – is sustained.  Objection No. 2 to Paragraph 4 of such declaration– which asserts multiple grounds – is sustained as to the lack of foundation/personal knowledge and hearsay grounds and overruled as moot on the other grounds asserted.[4]  Objection No. 3 – which asserts multiple grounds – is sustained as to the hearsay ground and overruled as moot on the other grounds asserted.

Third, the Ex Parte Application is denied without prejudice because (1) aside from inquiring about opposing counsel's position on the Ex Parte Application as required by Local Rule 7-19.1, Applicant has made no effort to meet and confer with opposing counsel to attempt to resolve this matter without court intervention as required by Local Rule 7-3 – something the Court views to be especially necessary given the complexity of the matters at issue and the contentious nature of the litigation to date; and (2) Applicant provides no competent non-hearsay evidence that Ari Stiegler – the currently listed "business owner" corresponding to the licenses in issue – cannot renew/maintain the licenses in issue or that Applicant cannot itself renew/maintain the licenses on Stiegler's behalf.[5]

Fourth, as it is in the interests of all parties to have the licenses in issue renewed/maintained by what has been represented to be a March 15, 2021 effective deadline (see Exhibit A to Supplemental Declaration of Joseph Ohayon), the parties/interested third parties are directed **forthwith** to meet and confer to attempt to resolve this dispute in a manner which preserves all parties' interests/potential interests.  Although the Court has not fully digested the pertinent Ordinance and BCC provisions and

---

[4]As Paragraph 3 of the Supplemental Declaration of Joseph Ohayan essentially repeats Paragraph 4 of the Declaration of Joseph Ohayan to which Defendants' objections have been sustained, the Court likewise declines to consider it.

[5]A license search of the California Bureau of Cannabis Control (BCC) website (https://online.bcc.ca.gov) yields the following information for the referenced licenses numbers:  (1) License Number C10-0000219 LIC:  The "Business Owner" is "Ari Steigler."  The "Business Contact Information" is DOCTOR KUSH WORLD COLLECTIVE, LLC: Email-ari@geniusfund.com:  Phone 6199851889.  The Premise Address is 7569 Melrose Ave., Los Angeles, CA 90046-7444.  The "Expiration Date" is June 16, 2021; (2) License Number C10-0000220 LIC:  The "Business Owner" is "Ari Steigler."  The "Business Contact Information" is EAGLE ROCK HERBAL COLLECTIVE LLC: GENIUS:  Email: ben@geniusfund.com:  Phone (213) 374-0534.  The Premise Address is 467 La Brea Ave., Los Angeles, CA 90036-3523.  The "Expiration Date" is June 16, 2021.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03797-FMO-JC | Date | March 12, 2021 |
|---|---|---|---|
| Title | Francis J. Racioppi, Jr. v. Dmitry Borisovich Bosov, et al. | | |

what they require, such provisions generally appear to require transparency regarding the ownership of entities dispensing cannabis.[6] Accordingly, it may make sense for the parties to agree to renew/maintain the licenses under the names of all interested parties who claim to have an interest therein or, perhaps in the names of Doctor Kush World Collective, LLC and Eagle Rock Herbal Collective LLC (as opposed to such entities merely being listed as business contacts) and for representatives of all interested entities to be listed as business contacts and/or for the renewal application to be transparent in reflecting that Heli Holdings, LLC currently holds title to the foregoing legal entities/underlying properties in issue but that such legal interests are currently the subject of litigation/disputed and that specified other interested parties claim a legal interest therein.  The Court is open to authorizing relief which preserves the status quo/does not prejudice any interested party.[7]

      IT IS SO ORDERED.

---

[6]Having said that, BCC § 5023(e)(1) – which Applicant cites for the proposition that it must update the BCC with information that the Applicant is the *owner* of Eagle Rock Herbal Collective and Doctor Kush World Collective (Reply at 3) – merely requires a licensee to notify the BBC of a change in *contact*, not ownership information.

[7]Given the asserted March 15, 2021 deadline, the Court will monitor the JC_Chambers@cacd.uscourts.gov email address over the weekend in anticipation of the receipt of a Stipulation addressing this matter.